■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOSEPH LA DUCA, Respondent.—Order reversed on the law, motion denied, indictment reinstated and matter remitted to Supreme Court for further proceedings on the indictment. Memorandum: When reviewing a claim of insufficiency, the evidence before the Grand Jury must be viewed in the light most favorable to the People and the test is whether the evidence, if unexplained and uncontradicted, would warrant conviction by a petit jury (see, People v Jennings, 69 NY2d 103, 114; People v Pelchat, 62 NY2d 97, 105). Thus viewed, the evidence is sufficient to support the conclusion that defendant was the owner of or resided in the home, the search of which,

pursuant to a search warrant, resulted in the discovery of a large quantity of marihuana.

We do not agree with Supreme Court's further conclusion that the integrity of the Grand Jury was impaired because the prosecutor excused a grand juror from voting after the juror revealed that he knew defendant and felt that he could not be fair and impartial on this particular case. Because this juror was not discharged from service, action by the court was not necessary (see, CPL 190.20 [2] [b]). Moreover, defendant wholly failed to demonstrate any prejudice from this action (see, People v Darby, 75 NY2d 449, 454).

All concur, except Green and Lowery, JJ., who dissent and vote to affirm, in the following Memorandum.

Green and Lowery, JJ. (dissenting). Supreme Court erred in dismissing the indictment for legal insufficiency because the People established that defendant owned the house in which the contraband was seized. The court properly dismissed the indictment, however, on the ground that the Grand Jury proceeding was defective (see, CPL 210.20 [1] [c]). The prosecutor improperly ordered a sworn grand juror not to vote on defendant's indictment. Only the court is authorized to remove a grand juror (see, CPL 190.20 [2] [b]). A prosecutor's authority before a Grand Jury is limited to presenting evidence and advising on the law (see, CPL 190.55). Thus, we cannot join the majority in its approval of the prosecutor's unilateral action in this case, which may invite certain mischief that the statute (CPL 190.20 [2] [b]) seeks to avoid by requiring the intervention of the court before a grand juror is removed. In our view, the prosecutor's failure to seek court approval before removing a grand juror impaired the integrity of the grand jury proceeding and may have resulted in prejudice to the defendant (see, CPL 210.35 [5]; People v Wilkins, 68 NY2d 269, 276; People v Di Falco, 44 NY2d 482, 488; cf., People v Williams, 73 NY2d 84, 90-91). Accordingly, the order should be affirmed and the indictment dismissed. (Appeal from Order of Supreme Court, Monroe County, Cornelius, J.—Dismiss Indictment.) Present—Callahan, J. P., Doerr, Green, Balio and Lowery, JJ.