In the Matter of HOWARD R. RELIN, as Monroe County District Attorney, Petitioner, v CHARLES T. MALOY, as Monroe County Court Judge, et al., Respondents.—Petition granted without costs and judgment granted in accordance with the following Memorandum: County Court acted in excess of its jurisdiction when it directed that any written request of respondent Mallory to the Grand Jury to call witnesses be kept from the District Attorney, that the District Attorney be excluded from the Grand Jury room during all consideration of the request by the Grand Jury, and that all questions that the Grand Jury might have concerning the written request be submitted solely to the court.

CPL 190.50 (6) provides: "A defendant or person against whom a criminal charge is being or is about to be brought in a grand jury proceeding may request the grand jury, either orally or in writing, to cause a person designated by him to be called as a witness in such proceeding. The grand jury may as a matter of discretion grant such request and cause such witness to be called pursuant to subdivision three." Subdivision (3) directs the District Attorney to issue a subpoena for a witness requested by the Grand Jury.

The request to call witnesses must be made to the Grand Jury. There is no authority permitting the court to receive the written request first and to keep the written request from the District Attorney. Both the court and the District Attorney are legal advisors to the Grand Jury (CPL 190.25 [6]) and there is no authority allowing the court to prohibit the Grand Jury from seeking advice from the District Attorney and prohibiting the District Attorney from giving the advice requested. Generally, "[d]uring the actual proceedings, the legal adviser of the Grand Jury is the District Attorney" (People v Di Falco, 44 NY2d 482, 486-487). That is so because the District Attorney is permitted to be in the Grand Jury room and the Judge is not (see, CPL 190.25 [3] [a]). Thus, where a Grand Jury receives a written request from a defendant to call witnesses specified by him, the Grand Jury has the right to ask the District Attorney for advice while considering whether to grant the request. In order to properly advise the Grand Jury, the District Attorney must be able to read the written request.

Thus, judgment is granted prohibiting the court from denying the District Attorney access to the written request, from excluding the District Attorney from the jury room when the Grand Jury receives the written request and begins to consider the request, and from ordering that all questions the Grand Jury may have concerning the request be directed solely to the court.

All concur, Davis, J., not participating. (Original Proceeding Pursuant to Article 78.) Present—Boomer, J. P., Pine, Boehm, Fallon and Davis, JJ.