OPINION OF THE COURT
John R. LaCava, J.
In a decision and order dated August 26, 1994, the court ruled on various aspects of defendant’s omnibus motion and reserved decision on defendant’s motion to inspect the Grand Jury minutes and to dismiss the indictment based upon such inspection, pending their submission.
Upon receipt and review of the minutes, the following colloquy appears at the end of testimony elicited from the first witness:
"a juror: Does it make a difference [that] I know the case? I live there, I know what the case is about.
"[ado]: Do you know the [witness] personally?
"a juror: Not as a friend just from the neighborhood.
"[ado]: You’ve seen him around?
"a juror: Yes.
"[ado]: Is there anything about the fact you know [the witness] without being personally acquainted with him that might make you somehow consider evidence in a bias fashion toward [his] testimony?
"a juror: No. I just thought I should bring it up.
"[ado]: I must instruct you not to speak to any of the other *146 Jurors about any present knowledge you might have about this case.”
Without any further inquiry, mention of the matter, cautionary instructions or referral to the impanelling Judge, the grand juror was permitted to remain for the balance of the case, participate in deliberations, and cast her vote.
Cognizant that "Courts have a particular responsibility to prevent unfairness in Grand Jury proceedings,” the Grand Jury being an arm of the court (People v Ianniello, 21 NY2d 418, 424), I released the above colloquy to defense counsel (see, CPL 210.30 [3]) to determine whether defendant wished to move for dismissal of the indictment. If so, the parties were directed to submit memoranda addressing the merits of their respective positions as well as whether they believed that an evidentiary hearing should be conducted to determine whether the grand juror communicated with other grand jurors about her prior knowledge of the case, and whether her vote was based solely on the evidence presented before the Grand Jury or was affected by her prior knowledge of the events or her prior association with the witness. Additionally, the court solicited the parties’ views as to whether a dismissal of the indictment, with leave to re-present the case to another Grand Jury, may include permission to re-present even those charges that the initial Grand Jury dismissed, i.e., does double jeopardy attach to those charges to which no true bill was voted by the Grand Jury?
This motion to dismiss the indictment, commenced by way of order to show cause, ensued.
Ordinarily, unlike petit jurors who are chosen to serve until the conclusion of a particular case (Judiciary Law § 525 [a]), grand jurors are commissioned to serve for a period of time (Judiciary Law § 525 [b]; CPL 190.15). As such, it would be impracticable to voir dire potential grand jurors on every case that they might eventually hear. In fact, it would be impossible in situations where the crimes that they are called upon to consider take place after the time that they are impanelled. Necessarily, then, there are occasions where, as here, quite unexpectedly, a sworn grand juror views his or her continued participation on a case with some trepidation.
Among the issues that have been raised here is whether such a grand juror may be excused from participating in a particular case, in contrast to being fully discharged from service, and, if so, with whom does that authority reside, the impanelling Judge, the prosecutor, or both?
*147 Binding appellate case law holds that the prosecutor possesses such authority. This court concludes that CPL 190.20 (2) (b) necessarily grants that power to the impanelling court, as well.
A prosecutor’s power to "excuse” a sworn grand juror from voting on an individual case is recognized in the Appellate Division, Fourth Department case of People v La Duca (172 AD2d 1054 [4th Dept 1991]). In acknowledging that authority, the Court held that the "integrity of the Grand Jury was [not] impaired because the prosecutor excused a grand juror from voting after the juror revealed that he knew the defendant and felt that he could not be fair and impartial on this particular case” (supra, at 1055). That holding is not without criticism, however (see, supra, dissenting opn of Justices Green and Lowery).
Even assuming that La Duca (supra) might not ultimately be followed by the Appellate Division, Second Department, this court is constrained to follow La Duca (supra) since no other Department, including the Second, has yet to rule differently, nor has the Court of Appeals directly addressed this issue (Mountain View Coach Lines v Storms, 102 AD2d 663 [2d Dept 1984]).
This court also concludes that the impanelling court has the power to excuse a grand juror from a case, as opposed to disqualifying him or her from service.
Statutorily, a court may "disqualify” a grand juror "from service pursuant to the judiciary law, or [as] incapable of performing his [or her] duties because of bias or prejudice, or [as] guilty of misconduct in the performance of his [or her] duties such as to impair the proper functioning of the grand jury” (CPL 190.20 [2] [b]). For good cause, a court may also transfer a grand juror to another panel (CPL 190.20 [6]).
The court finds that this power to "disqualify” necessarily includes the power to excuse a grand juror from serving on a particular case. A court need not declare the grand juror disqualified from serving out his or her term where an issue arises simply with respect to one case.
Any exercise of the power to excuse a grand juror must, of course, find some support in the record. Likewise, the failure to excuse a grand juror from sitting on a case about which he or she professes "knowledge,” must also be justified with, at least, a showing that despite the professed knowledge, the grand juror is still able and willing to follow the law and *148 render an impartial verdict based solely upon the evidence presented to the Grand Jury. Additionally, there may be a need for cautionary instructions.
Here, the conducted voir dire was inadequate to ascertain the extent and basis of the grand juror’s knowledge of the case and, more importantly, whether it was reasonable to expect that she could and would set aside that knowledge and decide the case solely on the basis of the evidence submitted to the Grand Jury. This deficiency is compounded by the lack of contemporaneously administered cautionary instructions as to how the juror should have treated her prior knowledge, assuming that she should have been allowed to participate in the deliberations and a vote on the case.
The questioning of the grand juror about her prior acquaintance with the testifying witness does not obviate this defect. Nor, under the circumstances, does reliance on any preliminary instructions that the Grand Jury may have been given at the time of impanelling* or the prosecutor’s admonishment that she "not speak to any of the other Jurors about any present knowledge [she] might have about this case.”
The court finds that the prosecutor’s failure to have conducted a sufficiently probing voir dire of the grand juror so as to have allowed an intelligent determination to be made as to whether or not to excuse the grand juror from consideration of the case, or, alternatively, to have brought the matter to the impanelling Judge’s attention for consideration, constitutes an impairment of the Grand Jury proceedings that may have prejudiced the defendant (CPL 210.20 [1] [c]; 210.35 [5]).
As such, the court finds it unnecessary to conduct an evidentiary hearing. Additionally, as urged by the parties, the court questions the propriety of proceeding in such a fashion given the likelihood that an evidentiary hearing might very well lead to an invasion of the Grand Jury’s cloak of secrecy and might prove to be an imprudent invasion of the thought processes of individual jurors. The court also questions the effectiveness of such a procedure since the mere observation of this juror’s vote by other jurors might have influenced their determination.
*149 There being no viable double jeopardy bar to another Grand Jury’s reconsideration of all of the charges (see, CPL 40.30), including the attempted murder in the second degree charge dismissed by this Grand Jury, the court grants defendant’s motion to dismiss with leave, however, for the People to resubmit the case to another Grand Jury for consideration of all charges previously presented to and considered by this Grand Jury (see, CPL 190.75 [3]; 210.20 [4]). Pending resubmission, defendant’s current bail status shall be continued pursuant to CPL 210.45 (9).

 Upon impanelling, the grand jurors are given standard instructions including that they "shall not reveal anything learned or heard by grand jurors” and that they should "not receive or make use of any information unless it is testified to by witnesses or in the form of certain evidence furnished by legal documents or in the form of a deposition of a witness.”