OPINION OF THE COURT
Eugene L. Nicandri, J.
Pursuant to a pretrial stipulation of counsel, defendant moves the court to dismiss the indictment on the grounds that the Grand Jury proceeding was defective because (1) despite a written request on behalf of the defendant that the Grand *627 Jury call certain witnesses, the People failed to inform the Grand Jury of this request, and (2) that the testimony of such witness or witnesses, had it been procured, would have been of an exculpatory nature. Also by stipulation the court will review the Grand Jury testimony and legal charge, in order to determine their sufficiency.
GPL 190.50 provides a mechanism by which an accused who has been held in local court for Grand Jury action may file with the District Attorney a request either that he himself be given a chance to testify before the Grand Jury, or that the Grand Jury be informed of the defense request that it subpoena certain witnesses, or both. The clear thrust of the statute, with respect to the defense request that witnesses be called, is that the prosecutor informs the Grand Jury of the request, and the Grand Jury then exercises its discretion as to whether or not to call the requested witnesses to testify.
Upon receipt of a timely request, addressed to the Grand Jury foreperson, and sent to the District Attorney’s office, that the Grand Jury call a requested witness, the District Attorney responded by declining the request and stating that he had no obligation to honor the request. Defendant argues that, through this response, the People denied defendant his right to communicate his request to the Grand Jury. In effect, says defendant, the District Attorney substituted his own exercise of discretion for that of the Grand Jury. Defendant argues that this both violated the statutory protocol and also infringed on defendant’s right to have allegedly exculpatory information presented to the Grand Jury. In support of his position that the District Attorney was required to transmit the request to the Grand Jury, defendant cites two informally published decisions of State Supreme Court (Queens and Kings Counties), which decisions were published in the New York Law Journal.* The decisions do support the defendant’s position.
In response the People argue that they have no obligation to forward to the Grand Jury the defendant’s requests that the Grand Jury call witnesses.
This court finds that the statute required the prosecution to inform the Grand Jury of defendant’s request that the Grand Jury call a particular witness. This is the clear implication of the statute. Given the straightforward manner in which the *628 request was made — a letter addressed to the Grand Jury and delivered to the prosecution — there would otherwise be no practical way for the Grand Jury to learn of such a request. This obligation to inform the Grand Jury of the request is not dependent on the type of testimony proposed to be obtained from the witness whose presence is requested.
Because the procedure followed in this instance is at odds with the statutory arrangement, the court finds that the Grand Jury proceeding was flawed, even though both the evidence and the charge on the law were sufficient, and the indictment is therefore dismissed with leave to re-present to a different Grand Jury as authorized by statute. In view of this decision, the court does not reach the other issue raised on the motion, concerning the allegedly exculpatory evidence.

 People v Urbanik, NYLJ, Apr. 10, 1990, at 29, col 3 (Sup Ct, Queens County); People v Feconda, NYLJ, Dec. 28, 1990, at 25, col 6 (Sup Ct, Kings County).