■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD NASH, Appellant. [654 NYS2d 75] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of murder in the second degree and promoting prison contraband in the first degree. Defendant, an inmate in the Auburn Correctional Facility, killed another inmate by hitting him on the head with a drain pipe, then cutting his throat with a saw that he had made by mounting several razor blades into a piece of wood. Defendant argues that County Court erred in denying his motion to dismiss the indictment pursuant to CPL 210.35 (5), on the ground that the Grand Jury proceeding was impaired by the presence of a grand juror who worked at the Correctional Facility and knew defendant and the victim. Contrary to the People's argument, that issue is reviewable on direct appeal. CPL 210.30 (6) applies only to motions to dismiss an indictment on the ground of insufficiency of evidence; other errors in the Grand Jury proceedings are reviewable on appeal from a judgment based upon legally sufficient trial evidence (*see,* Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 210.30, at 642).

The court properly denied defendant's motion because the integrity of the Grand Jury proceeding was not impaired and no possibility of prejudice to defendant was demonstrated (*see,* CPL 210.35 [5]; *People v Wilkins,* 68 NY2d 269, 277, n 7, *mot to amend opn denied* 68 NY2d 996). The grand juror disclosed his familiarity with defendant and the victim, was excused at the outset of the presentation, and did not vote on the indictment.

Although two comments by the prosecutor on summation were improper, the trial court took appropriate action to dilute the effect of one of the comments and, in light of the overwhelming strength of the People's case, the same result would undoubtedly have been reached had the comments not been made (*see, People v Curley,* 159 AD2d 969, 970, *lv denied* 76 NY2d 733). (Appeal from Judgment of Cayuga County Court, Corning, J.—Murder, 2nd Degree.) Present—Pine, J. P., Lawton, Callahan, Doerr and Boehm, JJ.