(December 30, 1999)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROSS BUTTERFIELD, Appellant. [702 NYS2d 140] —Mikoll, J. P. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered June 30, 1997, upon a verdict convicting defendant of the crimes of driving while intoxicated and aggravated unlicenced operation of a motor vehicle in the first degree.

This appeal presents a question of first impression relating to the timeliness of a defense request pursuant to CPL 190.50 (6) that the Grand Jury hear the testimony of a witness designated by defendant.

Defendant was arrested and charged with driving while intoxicated and aggravated unlicenced operation of a motor vehicle on May 23, 1996 in the Town of Oswegatchie, St. Lawrence County. On or about October 23, 1996, the District Attorney notified defendant that his case would be presented to the Grand Jury on November 7, 1996. This notice also stated that "in the event said defendant desires to make an appearance as a witness before said Grand Jury for the purpose of presenting testimony or other evidence, defendant should, prior to the date specified above, serve upon the undersigned a written notice requesting an opportunity to appear before said Grand Jury."

By letter from his counsel dated October 7, 1996 [*sic*],[1] defendant requested that the Grand Jury subpoena and hear the testimony of his brother, Tony Butterfield, who possessed relevant information concerning the offense with which defendant had been charged. As evidenced by an affidavit of service from Teresa Taylor, this notice was hand delivered to Sheila Friedel, confidential secretary to the District Attorney, at his office at 4:30 P.M. on November 6, 1996. However, the Grand Jury was not apprised of defendant's request, and on November 19, 1996, an indictment was filed against defendant.

After arraignment, defendant filed an omnibus motion seeking, *inter alia*, dismissal pursuant to CPL 210.35 (5) on the ground that the Grand Jury proceeding was rendered defective by virtue of the denial of his right to request the Grand Jury to call for the testimony of his brother. The People's response averred that defendant's request was not received until the "late morning" of November 7, 1996, after the case was presented and an indictment voted. The People tendered as evidence thereof a copy of defense counsel's letter bearing the District Attorney's date stamp marked "received November 7, 1996". The People's response did not include an affidavit from either Sheila Friedel, the person to whom the request was ostensibly hand delivered on November 6, 1996, or from any other individual with specific knowledge as to the date, time and circumstances under which the request was received. County Court denied defendant's motion, holding that his request, whether it was received in the late afternoon of November 6, 1996 or the morning of November 7, 1996, was untimely in that it was not given within a reasonable time in advance of the presentment date.

Noting the absence of any statutory provision relative to the timing of a request pursuant to CPL 190.50 (6), County Court reasoned that advance notice was required to enable the prosecutor to apprise the Grand Jury of the request and for the Grand Jury to consider same, concluding that, "In order to avoid wasteful disruption of the Grand Jury proceedings it is important that such a request be made as far in advance of the commencement of the proceedings as possible." Defendant was thereafter convicted as charged following a jury trial and this appeal ensued.

We note at the outset that in contrast to the clear statutory and decisional authority pertaining to a defendant's absolute

---

1. It was presumed by County Court and apparently conceded by all that both the letter's date and its reference to the Grand Jury presentment were intended to read "November 7, 1996."

right to present his own testimony before the Grand Jury and the timing within which such right may be asserted, i.e., "prior to the filing of any indictment" (CPL 190.50 [5] [a]; *People v Evans*, 79 NY2d 407), CPL 190.50 (6) speaks only of a defendant's right to request that the Grand Jury hear a witness designated by him and vests the Grand Jury with discretion regarding whether to accede to this request. The statute does not specify any time frame within which such a request must be made. The People argue that since defendant has no absolute right to the production of defense testimony under CPL 190.50 (6), his right to request such testimony "differs significantly" from his absolute right to testify on his own behalf pursuant to CPL 190.50 (5) (a).

While acknowledging that the two rights differ, we cannot accept the specious argument that because a defendant's request may be ultimately denied, his right to make it need not be protected. That the Grand Jury in this case may have, in the exercise of its discretion, chosen not to call defendant's brother has no bearing upon whether his right to have the Grand Jury consider his request was denied. Likewise, that the Grand Jury may have still voted to indict defendant even had it chosen to hear the testimony of his brother is of no moment. Indeed, County Court, previously addressing this same issue (upon what it found to have been a timely request), held that a prosecutor's failure to inform the Grand Jury of the defense request rendered the Grand Jury proceedings flawed and invalidated the resulting indictment (*see, People v Montagnino*, 171 Misc 2d 626).

The question thus distills to whether County Court properly determined that defendant's request was untimely. While we would otherwise disagree with County Court's view that it was unnecessary to resolve the factual dispute as to when defendant's request was received by the prosecutor,[2] this disagreement becomes academic given the People's position that even assuming defendant's request was received the afternoon preceding the scheduled presentment date, it was nonetheless untimely given the claimed need for an unspecified period of "advance notice."

Our difficulty with the People's position, and with the result reached by County Court, is that it engrafts upon the statute, silent on the question of timing, a requirement of "advance notice" that is justifiable neither by virtue of mirroring a corre-

---

2. The affidavit of service attesting to hand delivery of the notice to a named individual in the District Attorney's office presumptively established its receipt by the prosecutor on the afternoon of November 6, 1996.

sponding requirement imposed with respect to a defendant's rights under CPL 190.50 (5) (a) nor, in our view, by reason of practical considerations relating to the operation of the Grand Jury. The prosecutor's notice of the impending Grand Jury proceeding called for defendant to give notice of his intention to offer evidence simply "prior to the date specified" for the scheduled presentment.[3] Since the matter was scheduled for presentment the morning of November 7, 1996, defendant's request could easily have been communicated to the Grand Jury at that time. Logic dictates that Grand Jurors could best evaluate such a request after the People's presentment had already begun, in the context of the evidence it had already heard; indeed, it is unclear what alternative procedure the prosecutor would have employed had he received "advance notice."

Moreover, where a defendant exercises his right to testify, he may make such a request during his own testimony which, if granted by the Grand Jury, would occasion the same delay the People cite as justification for their failure to transmit defendant's request. Finally, we note that although the People averred that the indictment was voted the morning of the presentation, the indictment was filed on November 19, 1996. Ultimately unpersuaded by the claimed need for advance notice, therefore, we hold that a defense request pursuant to CPL 190.50 (6) is timely if delivered or communicated to the prosecutor at any time prior to the presentment of the case to the Grand Jury.

This being said, it remains to be determined whether violation of defendant's rights under CPL 190.50 (6) rendered his indictment the product of a defective Grand Jury proceeding subject to dismissal pursuant to CPL 210.35 (5). For an indictment to be dismissed under that section, it must appear that the Grand Jury proceeding failed to conform to the requirements of CPL article 190 "to such degree that the integrity thereof is impaired and prejudice to the defendant may result" (CPL 210.35 [5]). Our finding that defendant was improperly denied a statutory right afforded to him under CPL article 190 leads inexorably to the conclusion that the integrity of the proceeding was impaired. As noted, such was the conclusion of County Court in an unrelated matter (see, People v Montagnino, 171 Misc 2d 626, 627-628, supra).

On the question of prejudice to defendant, it has been noted

---

**3.** With respect to defendant's own testimony, of course, this notice does not reflect the fact that such a request could be made at any time "prior to the filing of any indictment" (CPL 190.50 [5] [a]).

that the Legislature "rejected a requirement of actual prejudice in favor of the current provision—requiring only that 'prejudice to the defendant *may* result'" (*People v Huston*, 88 NY2d 400, 409, quoting CPL 210.35 [5] [emphasis in original]; *see, People v Sayavong*, 83 NY2d 702, 709, 711; *People v Wilkins*, 68 NY2d 269, 276). Relief under this less than exacting standard may be denied only where there was no possibility that defendant was prejudiced by the denial of his request.

Based on the testimony that Butterfield eventually gave at trial, we cannot say that there was no possibility of prejudice to defendant in precluding this witness to be offered to the Grand Jury. The critical issue at trial was whether defendant had been operating the vehicle which, when the arresting Troopers arrived, was on the side of the road with the engine not running. Butterfield testified that on the night in question, he was operating a Chevy S-10 owned by his wife, with defendant as his passenger. Upon noticing that the vehicle's tail lights were not working but the brake lights were on, he pulled the truck to the side of the road and turned the ignition off, leaving the lights on. Defendant, seeking to identify and remedy the source of the electrical problem, left the passenger seat and took Butterfield's place in the driver's seat where he had access to the fuse panel and wiring located to the left of the steering wheel. Interestingly, although the People did not contend that defendant's presence behind the wheel while the truck was on the side of the road constituted "operation"—arguing instead that it evidenced his recent operation in view of the Troopers' testimony that they had observed the truck in motion on the road a short time earlier (but were unable to identify the driver)—the jury requested a rereading of County Court's instructions as to "the law on what constitutes the operation of a motor vehicle."

Thus, although the jury ultimately convicted defendant, it is unclear whether their finding of operation was based on rejection of Butterfield's testimony or some other perception that the evidence established operation. In any event, we are unable to conclude that there is no possibility that defendant was prejudiced by denial of the opportunity to present this testimony to the Grand Jury. Consequently, the indictment must be dismissed as defective within the meaning of CPL 210.35 (5).

Mercure, Yesawich Jr., Peters and Graffeo, JJ., concur. Ordered that the judgment is reversed, on the law, and indictment dismissed.