OPINION OF THE COURT
Michael A. Gross, J.
Defendant has moved to dismiss the indictment on the *291 grounds that the People failed to present exculpatory evidence to the Grand Jury. Specifically, defendant claims that the People failed to grant her request to inform the grand jurors of two defense witnesses who purportedly possessed exculpatory information.
GRAND JURY PRESENTATION
Defendant was arraigned on September 13, 1999, on a felony complaint charging her with attempted murder in the second degree and related offenses. Through her attorney, she served written notice of her intention to testify before the Grand Jury. Subsequently, her attorney, by letter, requested that two witnesses, specifically named, be called as witnesses before the Grand Jury. Defense counsel requested that the Grand Jury be made aware of the existence of these witnesses, who would be present to testify on September 22, 1999. On September 17, 1999, defense counsel waived defendant’s rights pursuant to GPL 180.80, and the case was adjourned to September 22, 1999, for defendant and the defense witnesses to testify before the Grand Jury.
On September 22, 1999, the witnesses did not appear outside the Grand Jury room, as indicated by defense counsel. That same morning, defense counsel stated on the record that defendant no longer wished to testify and requested that the case be adjourned to Supreme Court for defendant’s arraignment on the indictment. Upon learning of counsel’s actions, the prosecutor concluded that defendant had withdrawn the request for witnesses to testify on her behalf pursuant to CPL 190.50 (6). Consequently, the prosecutor did not inform the grand jurors of the existence of prospective defense witnesses.
LEGAL ANALYSIS
Under CPL 190.50 (6), “[a] defendant or person against whom a criminal charge is being or is about to be brought in a grand jury proceeding may request the grand jury, either orally or in writing, to cause a person designated by him to be called as a witness in such proceeding.” The Grand Jury as a matter of discretion may grant such a request. (See, CPL 190.50 [6]; People v Stepteau, 81 NY2d 799 [1993] [Grand Jury is vested with discretion in calling witnesses and receiving evidence].) If the Grand Jury does believe such a person may contain relevant information and desires to hear from this witness, it may direct the prosecutor to issue and serve a subpoena on such person. (See, CPL 190.50 [3], [6].) Of course, the prosecutor *292 may require any such defense witness to execute a waiver of immunity as a condition of testifying pursuant to CPL 190.45. (See, CPL 190.45 [4].)
Here, the People have acknowledged receipt of defense counsel’s letter, and contend that they were fully prepared to “offer the names of any potentially exculpatory witnesses to the Grand Jury on September 22, 1999.” However, despite the People’s assertions, the Grand Jury minutes clearly establish that the People never informed the Grand Jury of defendant’s request to present witnesses on her behalf. The failure on the part of the prosecutor to communicate defendant’s request to the Grand Jury violates the plain language of the statute. (See, People v Montagnino, 171 Misc 2d 626 [St. Lawrence County Ct 1997]; People v Fuentes, NYLJ, June 6, 1994, at 29, col 2 [Sup Ct, Bronx County]; People v Feconda, NYLJ, Dec. 28, 1990, at 25, col 6 [Sup Ct, Kings County]; see generally, Matter of Relin v Maloy, 182 AD2d 1142 [4th Dept 1992].) A prosecutor “does not have the right to usurp the Grand Jury’s discretion in determining which witnesses should be heard.” (People v Urbanik, NYLJ, Apr. 10, 1990, at 29, cols 3, 4 [Sup Ct, Queens County].) Thus, the prosecutor’s failure to inform the Grand Jury of defendant’s request concerning proposed witnesses wrongfully deprived the Grand Jury of its discretionary right to hear from those witnesses. (See, People v Lamriola, NYLJ, July 7, 1998, at 29, col 1 [Sup Ct, NY County]; People v Raimo, NYLJ, Feb. 2, 1996, at 34, col 3 [Sup Ct, Westchester County].)
The People assert that despite their willingness to abide by defendant’s request, the defense witnesses failed to appear to testify on September 22, 1999, as promised by defense counsel. Contrary to the People’s assertions, defense counsel’s inability to secure the witnesses’ presence on the agreed-upon date does not relieve the People of their obligation to notify the Grand Jury of defendant’s request. A plain reading of the statute establishes that defense counsel is only required to communicate, either orally or in writing, his client’s request that witnesses be called on her behalf. It does not thereafter require defense counsel to secure the presence of those witnesses. On the contrary, despite the witnesses’ unavailability on the scheduled date, the prosecutor had a statutory duty to notify the Grand Jury of defendant’s request, and to allow the Grand Jury to exercise its discretion in determining whether it wished to hear from those witnesses. Should the Grand Jury request this testimony, the statute expressly states under CPL 190.50 *293 (3) that it is the prosecutor’s obligation to secure the presence of such witnesses by power of subpoena in order to satisfy the Grand Jury’s request. (See, People v Feconda, NYLJ, Dec. 28, 1990, at 2, col 6, supra.) Thus, regardless of the witnesses’ availability on the date in question, the prosecutor was obligated to alert the Grand Jury of defendant’s request.
Moreover, defense counsel’s request that defendant’s case be adjourned on September 22, 1999 to Supreme Court for defendant’s arraignment did not constitute a waiver of defendant’s rights under CPL 190.50. Although counsel withdrew his client’s request to testify before the Grand Jury, he did not thereafter withdraw her request that exculpatory witnesses testify on defendant’s behalf. Absent an express withdrawal of her request, the prosecutor erred in drawing such a conclusion. Counsel’s actions in consenting to an adjournment to Supreme Court were merely for the purposes of allowing defendant’s arraignment on the next date, should an indictment have been voted and filed in the interim. Indeed, this court has not found any authority in support of the People’s position that counsel’s waiver of any further proceedings in criminal court constituted a withdrawal of her rights under CPL 190.50 (6).
Therefore, the People’s failure to communicate defendant’s request to have witnesses appear on her behalf to the Grand Jury constituted a violation of defendant’s rights pursuant to CPL 190.50 (6). The failure to conform to the requirements of CPL article 190 impaired the integrity of the proceedings and resulted in prejudice to defendant within the meaning of CPL 210.35 (5). Accordingly, the indictment is dismissed with leave to the People to re-present.