*673 OPINION OF THE COURT
William M. Erlbaum, J.
Defendant, Dawud Ali, has submitted an omnibus motion, dated November 30, 2007, seeking: inspection of the grand jury minutes and dismissal or reduction of the indictment; a bill of particulars; suppression of identification evidence; preclusion of physical evidence; a Sandoval hearing, including discovery pursuant to the Ventimiglia doctrine and a reservation of the right to make further motions. By “Affirmation in Opposition” dated January 17, 2008, the People consent to some of the relief sought, oppose other relief, demand so-called “reciprocal discovery,” and furnish to the defendant some items of particularization and discovery. The court decides the motion as follows.
The court has inspected the grand jury minutes in this case and has no choice but to dismiss the instant indictment. Though sufficient evidence was presented to the grand jury sustaining the charges, the grand jury proceeding was defective (see CPL 210.35 [5]) in that the defendant was denied his statutory right to present witnesses to the grand jury.
CPL 190.50 (6) states that,
“[a] defendant or person against whom a criminal charge is being or is about to be brought in a grand jury proceeding may request the grand jury, either orally or in writing, to cause a person designated by him to be called as a witness in such proceeding. The grand jury may as a matter of discretion grant such request and cause such witness to be called
In this case, defense counsel faxed to the People two letters requesting that the People call specific witnesses to testify before the grand jury, and informing the People of the proposed testimony.[1] Counsel also faxed to the People a letter, addressed to the grand jurors, that he wished they deliver to them, requesting that the grand jurors themselves call the witnesses and hear their testimony. Copies of these letters are attached to the defendant’s motion papers, as exhibits A and B. The People do not dispute receiving these letters in a timely fashion.
However, the grand jury minutes in this case reflect that not only did the People fail to inform the grand jury that the defen *674 dant was requesting certain witnesses testify on his behalf, but the People also failed to present the grand jurors with the letter written by the defendant and addressed to the grand jury requesting that they hear from his potential witnesses.
The People offer no explanation as to why they did not inform the grand jurors of the defendant’s request. Instead, the People submit that the defense failed to provide the People with meaningful information regarding the names, addresses, and phone numbers of the witnesses, and that one witness did not return the prosecutor’s calls. Therefore, the People argue that the defendant did not make a proper request to them regarding preferring these witnesses’ testimony.
The People’s position in this matter is entirely incorrect. The People have a duty to communicate to the grand jury the defendant’s request, and to then allow the grand jury to use its discretion in deciding whether to hear from the witnesses.[2] The availability of the witnesses is not the issue, and, furthermore, it is not the People’s responsibility to determine if the grand jurors should hear from them. The People must simply alert the grand jury to the defendant’s request.[3] The People failed to do so.
Accordingly, the grand jury proceeding in this case was defective and pursuant to CPL 190.50 (6) and 210.35 (5)[4] indictment No. 2353/2007 is hereby dismissed. (See People v Montagnino, 171 Misc 2d 626 [1997]; People v Andino, 183 Misc 2d 290 [2000]; People v Butterfield, 267 AD2d 870 [3d Dept 1999], Iv denied 95 NY2d 833 [2000].)
The People are granted leave to re-present this matter to another grand jury within 45 days of the issuance of this opinion.
Thus, the balance of the motion is academic.

. The People did not choose to call any of the defendant’s potential witnesses before the grand jury, on their own accord.

. The grand jury does not have to hear the witnesses.

. Should the grand jury determine that they do want to hear from the witnesses, the People are then obligated to use their subpoena power. (See People v Andino, 183 Misc 2d 290 [2000].)

. CPL 210.35 (5) states that a grand jury proceeding is defective when it fails to conform to the requirements of CPL article 190, in that prejudice to the defendant may result. In this case, the court finds the possibility of prejudice in that each of the witnesses preferred by the defendant allegedly would provide exculpatory testimony. In People v Butterfield (267 AD2d 870 [3d Dept 1999], Iv denied 95 NY2d 833 [2000]), the Court held that only if there was no possibility of prejudice to the defendant should his request that the grand jury be alerted to his witnesses be denied. There is no such showing here.