OPINION OF THE COURT
Richard B. Meyer, J.
Pretrial motion (CPL 255.10) by the defendant for relief in the nature of dismissal or reduction of an indictment, granting discovery, preclusion and/or suppression of evidence, and other relief.
The defendant is charged by three separate indictments with certain felony drug offenses arising out of separate incidents alleged to have occurred on April 19 and 22, 2008 and May 1, 2008 in the Village of Lake Placid, Town of North Elba, Essex County, in which it is claimed that the defendant knowingly and unlawfully sold cocaine to a confidential informant. Two of those indictments (Nos. 09-005-1 and 09-006-1) each charge the class B drug felony crimes of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). In indictment No. 09-007-1, the defendant is charged with criminal sale of a controlled substance in the second degree (Penal Law § 220.41 [1]), a class A-II drug felony, and criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), a class B drug felony.
The defendant moves to dismiss the indictment on the grounds that (1) the indictment is defective (CPL 210.20 [1] [a]; 210.25), (2) the evidence before the grand jury was not legally sufficient to establish the offenses charged or any lesser included offense (CPL 210.20 [1] [b]; 210.30), and (3) the grand jury proceeding was defective (CPL 210.20 [1] [c]; 210.35). The defendant also moves to inspect the grand jury minutes (CPL 210.30).
The defendant’s motion to inspect the grand jury minutes is granted. Upon inspection, the minutes and voting sheet filed with the court reveal that a quorum of at least 16 grand jurors was present during the presentation of evidence and at the time the assistant district attorney instructed the grand jury on the law, and at least 12 of those grand jurors voted to indict the defendant. However, prior to the presentation of evidence, the assistant district attorney presenting the case inquired of the
*276 grand jury members as to whether any of them knew the defendant. A female grand juror stated that she knew the defendant and his mother. When asked if that would affect her “ability to be fair in this case” she stated, “I don’t think so, No.” No effort was made by the assistant district attorney, either in or outside of the presence of the other grand jurors, to ascertain how she knew the defendant or his mother, what she knew about him, or whether she had any preconceived notions or biases against him which would affect her ability to be fair and impartial on this case. Also, a male grand juror indicated he knew the defendant, but before recusing himself he stated in the presence of all grand jurors that he had arrested the defendant at least once and that the defendant had “made threats to” his family. The assistant district attorney instructed the grand jury to “disregard” and “ignore” the comment, that “it shouldn’t really affect what you do here today,” and that it was to “base your deliberations on what you hear from the sworn witnesses only and disregard any comments that I make or police make or another grand juror might make about somebody.” No inquiry was made of the remaining grand jurors as to whether they could, and would, totally disregard and ignore the comment. Nor were those members of the grand jury asked if they could assure the assistant district attorney that the comment would have no effect on the performance of their duties as grand jurors with respect to these cases.
Dismissal of an indictment for a defect in the grand jury proceeding is warranted where the defect creates a possibility of prejudice (see People v Huston, 88 NY2d 400 [1996]). Actual prejudice need not be shown (CPL 210.35 [5]; see People v Sayavong, 83 NY2d 702, 709 [1994]). Evidence of a defendant’s prior uncharged criminal conduct is generally not admissible (People v Molineux, 168 NY 264 [1901]; People v Fiore, 34 NY2d 81 [1974]) before a grand jury since, with certain exceptions not applicable here, criminal trial rules of evidence are also applicable to grand jury proceedings (CPL 190.30; People v Mitchell, 82 NY2d 509 [1993]). Clearly, evidence of uncharged bad acts may be prejudicial to a defendant: The rule excluding evidence of uncharged crimes is based upon the human tendency more readily “to believe in the guilt of an accused person when it is known or suspected that he has previously committed a similar crime” (People v Molineux, 168 NY 264, 313 [1901]; People v Allweiss, 48 NY2d 40, 47 [1979]; see People v Zackowitz, 254 NY 192, 198 [1930]) and is intended to eliminate the danger that a *277 jury may convict to punish the person portrayed by the evidence before them even though not convinced beyond a reasonable doubt of his guilt of the crime of which he is charged. (People v Ventimiglia, 52 NY2d 350, 359 [1981].)
The grand jury acts “as a buffer between the State and its citizens, protecting the latter from unfounded and arbitrary accusations” (People v Calbud, Inc., 49 NY2d 389, 396 [1980]), and serves as a “shield[ ] against prosecutorial excesses” (People v Huston at 405). In grand jury proceedings, a district attorney “owes a duty of fair dealing to the accused” (People v Pelchat, 62 NY2d 97, 105 [1984]) and is “charged with the duty not only to secure indictments but also to see that justice is done” (People v Lancaster, 69 NY2d 20, 26 [1986]). In fulfilling those obligations, a district attorney is required to determine the potential bias of each grand juror who indicates knowledge of the defendant (People v Revette, 48 AD3d 886, 887 [2008]). While “not every improper comment ... or mere mistake renders an indictment defective” (People v Huston at 409), here the failure to ascertain from the remaining grand jurors that the comments of the recused male grand juror would be totally disregarded and would not in any way affect their evaluation of the evidence and ultimate determinations relative to the charges presented against the defendant establishes the possibility of prejudice to the defendant. The possibility of prejudice is heightened by the failure to ascertain whether the female grand juror who knew the defendant and his mother had any possible biases against the defendant since she participated in the grand jury proceedings against the defendant and it is unknown whether any of these matters were raised during the grand jury’s deliberations and may have affected the outcome.
The indictments in all three cases are dismissed for defects in the grand jury proceedings (CPL 210.35 [5]), subject to the right of the People to resubmit the charges to a grand jury within 45 days hereof (CPL 210.45 [9]). Pending such resubmission, the defendant remains released on bail of $5,000 cash or insurance company bail bond covering all three indictments pursuant to the accompanying securing order. The remaining issues raised in the defendant’s motion need not be reached.