■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEO T. CONNOLLY, Appellant. [881 NYS2d 1703]—

Appeal from a judgment of the Seneca County Court (W. Patrick Falvey, J.), rendered October 16, 2008. The judgment convicted defendant, upon a jury verdict, of official misconduct (two counts).

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law, that part of the motion seeking to dismiss the indictment is granted and the indictment is dismissed without prejudice to the People to re-present any appropriate charges under counts three and five of the indictment to another grand jury.

Memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of two counts of official misconduct

(Penal Law § 195.00 [1]). The evidence at trial established that defendant, the Sheriff of Seneca County, directed certain members of his office to identify, locate, follow and, if possible, issue tickets for alleged traffic violations to members of the public who opposed his candidacy for Sheriff or posted Internet articles that were critical of his job performance. Contrary to defendant's contention, the evidence is legally sufficient to support the conviction. "A public servant is guilty of official misconduct when, with intent to obtain a benefit or deprive another person of a benefit . . . [, he or she] commits an act relating to his [or her] office but constituting an unauthorized exercise of his [or her] official functions, knowing that such act is unauthorized" (id.). Here, the evidence presented at trial established that defendant engaged in "an 'unauthorized exercise' of police functions" by, inter alia, directing investigations of his opponents and critics for purely political purposes and thus misusing department resources and personnel for his own political benefit (People v Feerick, 93 NY2d 433, 448 [1999]). Such evidence of "flagrant and intentional abuse of authority by [one] empowered to enforce the law" is legally sufficient to support the conviction (id. at 445).

We agree with defendant, however, that County Court erred in denying that part of his omnibus motion seeking to dismiss the indictment on the ground that the grand jury proceeding was defective inasmuch as it failed "to conform to the requirements of [CPL article 190] to such degree that the integrity thereof [was] impaired and prejudice to the defendant" resulted (CPL 210.35 [5]). A special prosecutor was appointed to investigate alleged wrongdoing by public officials in Seneca County, including defendant. After the grand jury was empaneled and the special prosecutor began to present evidence, one of the grand jurors informed the prosecutor that she was the mother of one of the alleged victims and the mother-in-law of another. In addition, the grand juror's daughter had commenced a civil action against defendant, allegedly arising from the same facts that resulted in the instant indictment against defendant. Although the special prosecutor instructed the grand juror not to participate in any proceeding concerning those witnesses and not to listen to their testimony, she was permitted to remain in the grand jury room during the presentation of the remaining evidence concerning defendant and she heard defendant's testimony. She then was permitted to participate, consult and vote on all of the charges against defendant that did not involve her relatives.

We note at the outset that this issue survives a conviction af-

ter trial based upon legally sufficient evidence (*see People v Huston*, 88 NY2d 400, 410-411 [1996]; *People v Wilkins*, 68 NY2d 269, 277 n 7 [1986]). Pursuant to CPL 210.20 (1), the court "may, upon motion of the defendant, dismiss [the] indictment . . . upon the ground that . . . [t]he grand jury proceeding was defective." A grand jury proceeding is defective pursuant to CPL 210.20 (1) (c) "when the proceeding 'fails to conform to the requirements of [CPL article 190] to such degree *that the integrity thereof is impaired and prejudice to the defendant may result*' " (*Wilkins*, 68 NY2d at 278). Although "[t]he likelihood of prejudice turns on the particular facts of each case" (*People v Huston*, 88 NY2d 400, 409 [1996]), "defendant need not demonstrate actual prejudice" (*People v Sayavong*, 83 NY2d 702, 709 [1994]), and "a close relationship between a grand juror and a witness raises the real risk of potential prejudice" (*People v Revette*, 48 AD3d 886, 887 [2008]).

Here, although the grand juror in question did not participate in the vote concerning the particular count of the indictment that pertained to her daughter and son-in-law, she participated in the remainder of the proceedings concerning defendant, including the vote to indict him on the remaining counts in the indictment. In addition, the daughter of the grand juror had a financial interest in defendant's indictment and conviction, arising from the pending civil action, and we conclude that potential prejudice arose from permitting the victims' family member to determine whether to indict defendant. The special prosecutor was therefore required to excuse the grand juror from participating in the case against defendant or to present the matter to the court (*see generally People v Nash*, 236 AD2d 845 [1997], *lv denied* 89 NY2d 1039 [1997]; *People v La Duca*, 172 AD2d 1054, 1055 [1991]). Because he failed to do so, the indictment must be dismissed without prejudice to the People to re-present any appropriate charges under counts three and five of the indictment to another grand jury.

In view of our determination, we do not address defendant's remaining contention. Present—Hurlbutt, J.P., Smith, Centra, Pine and Gorski, JJ.