# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**707**

**KA 10-00921**

PRESENT: CENTRA, J.P., FAHEY, CARNI, SCONIERS, AND GREEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

CARL J. CALKINS, DEFENDANT-APPELLANT.

---

MULDOON & GETZ, ROCHESTER (GARY MULDOON OF COUNSEL), FOR
DEFENDANT-APPELLANT.

LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Genesee County Court (Robert C.
Noonan, J.), rendered March 18, 2010. The judgment convicted
defendant, upon a jury verdict, of criminal mischief in the third
degree.

It is hereby ORDERED that the judgment so appealed from is
unanimously reversed on the law, that part of the omnibus motion
seeking to dismiss the indictment is granted and the indictment is
dismissed without prejudice to the People to re-present any
appropriate charges under the sole count of the indictment to another
grand jury.

Memorandum: On appeal from a judgment convicting him upon a jury
verdict of criminal mischief in the third degree (Penal Law § 145.05
[2]), defendant contends that reversal is required based on errors
committed by the prosecutor when instructing the grand jury with
respect to the defense of justification. We agree. Although the
prosecutor properly charged the grand jury regarding justification
based on the use of physical force in defense of a person (*see* §
35.15) with respect to the charge of assault in the second degree (§
120.05), the prosecutor failed to instruct the jury that such defense
was also applicable to the charge of criminal mischief in the third
degree (*see* § 35.00). We note that the grand jury voted not to indict
defendant for assault but did indict him for criminal mischief.
Although it is true that a grand jury "need not be instructed with the
same degree of precision that is required when a petit jury is
instructed on the law" (*People v Calbud, Inc.*, 49 NY2d 389, 394), we
conclude that defendant was exposed to the possibility of prejudice by
the deficiencies in the prosecutor's charge regarding justification
based on the use of physical force in defense of a person (*see People
v Huston*, 88 NY2d 400, 409). That error was compounded by the fact
that the prosecutor also failed to charge the grand jury regarding

justification based on the use of physical force in defense of premises (*see* § 35.20 [3]).  In addition, the possibility of prejudice was increased by the failure of the prosecutor to inform the grand jury of defendant's request to call a witness to the incident giving rise to the charges (*see People v Butterfield*, 267 AD2d 870, 873, *lv denied* 95 NY2d 833; *People v Ali*, 19 Misc 3d 672, 674; *People v Andino*, 183 Misc 2d 290, 292-293).

Contrary to defendant's further contention, we conclude that the evidence is legally sufficient to support the conviction (*see generally People v Bleakley*, 69 NY2d 490, 495).  Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).  Nevertheless, defendant's "conviction after trial does not cure defective [g]rand [j]ury proceedings" (*Huston*, 88 NY2d 400, 411; *see People v Connolly*, 63 AD3d 1703, 1704-1705; *People v Samuels*, 12 AD3d 695, 697).  We therefore reverse the judgment, grant that part of defendant's omnibus motion seeking to dismiss the indictment and dismiss the indictment without prejudice to the People to re-present any appropriate charges under the sole count of the indictment to another grand jury (*see Connolly*, 63 AD3d at 1705).