People v Congdon (2023 NY Slip Op 01622)

People v Congdon

2023 NY Slip Op 01622

Decided on March 24, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 24, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CURRAN, BANNISTER, AND MONTOUR, JJ.

239 KA 22-00522

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RAYMOND CONGDON, DEFENDANT-APPELLANT. 

J. SCOTT PORTER, SENECA FALLS, FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Gordon J. Cuffy, A.J.), rendered January 20, 2022. The judgment convicted defendant upon a nonjury verdict of promoting a sexual performance by a child (eight counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, that part of the omnibus motion seeking to dismiss the indictment is granted and the indictment is dismissed without prejudice to the People to re-present any appropriate charges to another grand jury.
Memorandum: On appeal from a judgment convicting him upon a nonjury verdict of eight counts of promoting a sexual performance by a child as a sexually motivated felony (Penal Law §§ 130.91, 263.15), defendant contends that reversal is required based on errors committed by the prosecutor during the grand jury proceedings. We agree. Here, the prosecutor failed to instruct the grand jury, pursuant to the holding in People v Kent (19 NY3d 290 [2012]), that some "affirmative act" is required to prove the crime, and that "viewing computer images of a sexual performance by a child on a computer does not by itself constitute promotion of such images" (CJI2d[NY] Penal Law § 263.15). Although it is well established that a grand jury "need not be instructed with the same degree of precision that is required when a petit jury is instructed on the law" (People v Calbud, Inc., 49 NY2d 389, 394 [1980]), we conclude under the circumstances of this case that the deficiencies in the prosecutor's charge impaired the integrity of the grand jury proceeding and gave rise to the possibility of prejudice. We further conclude that the potential for prejudice was increased by the prosecutor's cross-examination of defendant during the grand jury presentation in a manner that was "calculated to unfairly create a distinct implication that [defendant] was lying" (People v Nunez, 74 AD2d 805, 806 [1st Dept 1980]; see generally People v Hazlett, 167 AD2d 867, 868 [4th Dept 1990], lv denied 77 NY2d 878 [1991]).
Contrary to defendant's further contention, we conclude that the evidence is legally sufficient to support the conviction (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Furthermore, viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (see generally Bleakley, 69 NY2d at 495). Nevertheless, defendant's "conviction after trial does not cure [the] defective [g]rand [j]ury proceedings" (People v Huston, 88 NY2d 400, 411 [1996]; see People v Connolly, 63 AD3d 1703, 1704-1705 [4th Dept 2009]; People v Samuels, 12 AD3d 695, 697 [2d Dept 2004]). We therefore reverse the judgment, grant that part of defendant's omnibus motion seeking to dismiss the indictment, and dismiss the indictment without prejudice to the People to re-present any appropriate charges to another grand jury (see Connolly, 63 AD3d at 1705).
Entered: March 24, 2023
Ann Dillon Flynn
Clerk of the Court