People v Congdon (2023 NY Slip Op 02228)

People v Congdon

2023 NY Slip Op 02228

Decided on April 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, BANNISTER, MONTOUR, AND GREENWOOD, JJ.

305 KA 22-00523

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RAYMOND CONGDON, DEFENDANT-APPELLANT. 

J. SCOTT PORTER, SENECA FALLS, FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 

 Appeal from an order of the Supreme Court, Onondaga County (Gordon J. Cuffy, A.J.), dated January 27, 2022. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and defendant's risk level determination pursuant to the Sex Offender Registration Act is vacated.
Memorandum: Defendant appeals from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.). While this appeal was pending, this Court reversed the judgment convicting defendant of eight counts of promoting a sexual performance by a child as a sexually motivated felony (Penal Law §§ 130.91, 263.15) on the law and dismissed the indictment (People v Congdon, — AD3d —, 2023 NY Slip Op 01622 [4th Dept 2023]).
A "sex offender" includes a person who is convicted of an offense described in Correction Law § 168-a (2) or (3). However "[a]ny [such] conviction set aside pursuant to law is not a conviction" for purposes of the statute (§ 168-a [1]; see § 168-d [1] [a]). Inasmuch as defendant's judgment of conviction has been "set aside pursuant to law" (§ 168-a [1]) by reversal of this Court (see generally People v Extale, 18 NY3d 690, 696 [2012]), defendant does not qualify as a "sex offender" within the meaning of SORA, and the risk level determination must be vacated (see generally People v Diaz, 32 NY3d 538, 544 [2018]; People v Miller, 179 AD3d 1517, 1518 [4th Dept 2020]; People v Ramos, 178 AD3d 1408, 1408-1409 [4th Dept 2019]). In light of our determination, defendant's contentions on this appeal are academic.
Entered: April 28, 2023
Ann Dillon Flynn
Clerk of the Court