■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TAWYNA P. ALLEN, Appellant. [869 NYS2d 716]—

Memorandum: Defendant appeals from a judgment convicting her, upon her plea of guilty, of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]), criminal possession of a controlled substance in the third degree (§ 220.16 [1]) and criminal possession of a controlled substance in the fourth degree (§ 220.09 [1]). We reject defendant's contention that the sentences imposed on the counts of criminal sale and criminal possession of a controlled substance in the third degree are unduly harsh and severe. "Defendant was sentenced in accordance with the plea bargain and should be bound by its terms" (*People v McGovern*, 265 AD2d 881 [1999], *lv denied* 94 NY2d 882 [2000]).

We further conclude, however, that the sentence imposed on the count of criminal possession of a controlled substance in the fourth degree is illegal and cannot stand. We note that, because the sentence is illegal, we reach this issue despite defendant's failure to raise it either at the time of sentencing or on appeal (*see People v Adams*, 45 AD3d 1346 [2007]; *People v Martinez*, 213 AD2d 1072 [1995]). Pursuant to Penal Law § 70.70 (3) (b), the sentence imposed for a second felony drug offender convicted of, inter alia, a class C felony offense must include a period of not less than $1\frac{1}{2}$ or more than 3 years of postrelease supervision. Although criminal possession of a controlled substance in the fourth degree is a class C felony and defendant was a second felony drug offender, County Court failed to include a period of postrelease supervision in sentencing defendant on that count. We therefore modify the judgment by vacating the sentence imposed for criminal possession of a controlled substance in the fourth degree, and we remit the matter to County Court for resentencing on count three of the indictment (*see People v Sparber*, 10 NY3d 457, 469 [2008]). Inasmuch as the plea agreement provided in relevant part that defendant would be sentenced to a three-year period of postrelease supervision, defendant need not be afforded the opportunity to withdraw her

plea of guilty prior to resentencing (*cf. People v Waggoner*, 53 AD3d 1143 [2008]). Present—Hurlbutt, J.P., Centra, Fahey, Pine and Gorski, JJ.