SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

**349**

**KA 07-02580**

PRESENT: SCUDDER, P.J., CENTRA, SCONIERS, GORSKI, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                  MEMORANDUM AND ORDER

DAVID EVERETT, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (KIMBERLY F. DUGUAY OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (John R. Schwartz, A.J.), rendered October 16, 2007 and October 29, 2007. The judgment convicted defendant, upon a jury verdict, of assault in the second degree, operating a motor vehicle without a certificate of inspection, license plate display violation and operating a motor vehicle without a license.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reversing that part convicting defendant of assault in the second degree and dismissing count one of the indictment and as modified the judgment is affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of, inter alia, assault in the second degree (Penal Law § 120.05 [3]), defendant contends that the evidence is legally insufficient to support the assault conviction. We agree. Pursuant to Penal Law § 120.05 (3), "[a] person is guilty of assault in the second degree when . . ., [w]ith intent to prevent . . . a police officer . . . from performing a lawful duty . . ., he or she causes physical injury to such . . . police officer . . . ." Here, an officer was injured while he was attempting to pat down defendant after he and another officer pulled over defendant's vehicle. Although the People established that the police properly stopped defendant's vehicle for violations of the Vehicle and Traffic Law and asked defendant to exit the vehicle because he had no identification, we conclude that the pat-down search of defendant for "officer safety" was illegal. A pat-down search of a traffic offender is not authorized "unless, when the vehicle is stopped, there are reasonable grounds for suspecting that the officer is in danger or there is probable cause for believing that the offender is guilty of a crime rather than merely a simple traffic infraction" (*People v Marsh*, 20 NY2d 98, 101). Here, the officers did not have any "knowledge of some

fact or circumstance that support[ed] a reasonable suspicion that the [defendant was] armed or pose[d] a threat to [their] safety" (*People v Batista*, 88 NY2d 650, 654).  The Court of Appeals has expressly declined to adopt the decision of the United States Supreme Court in *Michigan v Long* (463 US 1032), "which found that an intrusion by the police 'could be justified purely on the *theoretical* basis . . . that harm could occur after the investigation is terminated and the suspect is permitted to reenter his [or her] vehicle' " (*People v Mundo*, 99 NY2d 55, 58, quoting *People v Torres*, 74 NY2d 224, 232 n 4).  Thus, viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), we conclude that the evidence was legally insufficient to establish that the officer was injured while undertaking a lawful duty (*see generally People v Bleakley*, 69 NY2d 490, 495).  We therefore modify the judgment by reversing that part convicting defendant of assault in the second degree and dismissing count one of the indictment.  In light of our conclusion, we do not reach defendant's remaining contentions.

Entered:  March 25, 2011                    Patricia L. Morgan
                                            Clerk of the Court