■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW M. ARBAS, Appellant. [924 NYS2d 671]—

Malone Jr., J. Appeal from a judgment of the County Court of Otsego County (Lambert, J.), rendered April 5, 2010, upon a verdict convicting defendant of the crime of forgery in the second degree (three counts).

Defendant and his father were the joint owners and operators of a farm business in Otsego County. According to defendant, in 2002 or 2003, the two men had a dispute about managing the farm, after which defendant's father left the business and he last saw his father sometime in 2004. In May 2005, defendant was questioned by the State Police regarding certain banking transactions that defendant allegedly made in his father's name. While defendant admitted that he had closed out some of his father's personal accounts and had signed his father's name on

---

various commercial instruments, he claimed to have done so with his father's permission. He further admitted that he had disguised himself as his father and transferred funds between two of his father's personal accounts.

In August 2009, defendant was charged by indictment with grand larceny in the second degree, scheme to defraud in the first degree and six counts of forgery in the second degree. Defendant moved to, among other things, dismiss the indictment, alleging that the grand jury proceedings were defective. County Court denied the motions, but subsequently dismissed one count of forgery in the second degree prior to trial. At trial, defendant admitted to signing his father's name on various documents, but maintained that, in the course of business, he and his father had regularly signed each other's signatures. The jury ultimately convicted defendant of three counts of forgery in the second degree and acquitted him of the other charges. Defendant unsuccessfully moved to set aside the verdict and was thereafter sentenced to an aggregate prison term of 6 to 18 years. Defendant appeals.

Initially, we are not persuaded that the integrity of the grand jury proceeding was sufficiently impaired to warrant dismissal of the indictment. Such drastic relief is available when " 'prosecutorial wrongdoing, fraudulent conduct or errors potentially prejudice the ultimate decision reached by the [g]rand [j]ury' " (*People v Serkiz*, 17 AD3d 28, 30 [2005], quoting *People v Huston*, 88 NY2d 400, 409 [1996]). Here, while some inadmissible hearsay evidence was elicited by the prosecutor from three witnesses, the proceeding otherwise substantially conformed with the requirements of CPL article 190. In addition, legally sufficient independent proof existed to support the indictment and, thus, defendant was not prejudiced by the hearsay testimony (*see People v Huston*, 88 NY2d at 409; *People v Miles*, 76 AD3d 645 [2010]). Nor are we persuaded that the integrity of the proceeding was substantially impaired by the testimony elicited by the prosecutor regarding the disappearance of defendant's father. The prosecutor adequately instructed the grand jurors that such testimony was permitted only to provide background as to why defendant had been investigated by the police and repeatedly warned them that, during their deliberations, they were not permitted to consider the fact that the father was missing.

Next, we do not agree with defendant that County Court erred by denying his motion to disqualify the District Attorney's office for a conflict of interest based upon an Assistant District Attorney's representation of him in a prior civil lawsuit he had

brought against his father. The removal of a prosecutor is appropriate "to protect a defendant from actual prejudice arising from a demonstrated conflict of interest or a substantial risk of an abuse of confidence" (*Matter of Schumer v Holtzman*, 60 NY2d 46, 55 [1983]), but the defendant must establish more than a mere appearance of impropriety (*see People v Gigliuto*, 22 AD3d 890, 892 [2005], *lv denied* 7 NY3d 789 [2006]). Here, the Assistant District Attorney who had previously represented defendant had minimal involvement in only the early stages of defendant's prosecution and none of the information elicited at trial about the prior lawsuit indicated that any abuse of confidence or use of privileged information had occurred (*see People v Abrams*, 73 AD3d 1225, 1227 [2010], *affd* 17 NY3d 760 [2011]).

We are not persuaded that the convictions of three counts of forgery in the second degree are inherently inconsistent with the acquittals of grand larceny in the second degree, scheme to defraud in the first degree and two counts of forgery in the second degree. Reviewing the evidence at trial and the elements of the crimes as charged by County Court, the jury could have found defendant guilty of forgery, but not guilty of grand larceny in the second degree if it found that the total value of the money defendant wrongfully appropriated to himself through forgery was less than $50,000 (*see* Penal Law § 155.05 [1]). Scheme to defraud in the first degree, as charged to the jury, requires "a systematic ongoing course of conduct" (Penal Law § 190.65 [1] [b]) and the jury could have concluded that the incidents of forgery for which defendant was convicted were three isolated incidents rather than one " 'continuing offense committed over time' " (*People v Haskell*, 68 AD3d 1358, 1360 [2009], quoting *People v First Meridian Planning Corp.*, 86 NY2d 608, 616 [1995]). The fact that defendant was convicted of some, but not all, of the forgery counts does not necessarily render the verdict inconsistent because the incidents were alleged to have occurred in separate transactions (*see People v Torrence*, 305 AD2d 1042, 1044 [2003], *lv denied* 100 NY2d 625 [2003]; *People v Dantzler*, 209 AD2d 429, 430 [1994], *lv denied* 85 NY2d 908 [1995]). Moreover, contrary to defendant's assertions, it is possible that the jury concluded that defendant had permission to sign his father's name on the documents related to the sale of farm equipment but not on documents related to his father's personal finances. Indeed, as to the counts related to the sale of farm equipment, the testimony of the purchaser indicated that defendant openly signed his father's name and did not appear to be concerned about any wrongdoing. Yet, when defendant signed his father's name on personal banking forms, he purposefully

impersonated his father by donning a disguise and, on a timber sale contract, defendant used a fake notary stamp to notarize his father's forged signature. The jury could have determined that defendant's conduct in those incidents evinced an intent to defraud or deceive—and indicated that defendant himself did not believe that he was authorized to sign his father's name on those documents—that the sale of the farm equipment did not. Moreover, to the extent that defendant argues such, we are not persuaded that the convictions are against the weight of the evidence.

Finally, as to defendant's claim that the sentence imposed is harsh and excessive, defendant has not demonstrated that County Court abused its discretion or that extraordinary circumstances exist, so we find no basis upon which to disturb the sentence. Defendant's remaining contention regarding County Court's response to a note from the jury was not preserved for our review (*see People v Jones*, 52 AD3d 1252, 1252 [2008], *lv denied* 11 NY3d 738 [2008]).

Mercure, J.P., Peters, Lahtinen and Stein, JJ., concur. Ordered that the judgment is affirmed.