# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

773

KA 11-00975

PRESENT: SCUDDER, P.J., SMITH, FAHEY, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                          MEMORANDUM AND ORDER

JASON M. MEDEN, DEFENDANT-APPELLANT.

---

DAVID J. FARRUGIA, PUBLIC DEFENDER, LOCKPORT (JOSEPH G. FRAZIER OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (LAURA T. BITTNER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Niagara County Court (Matthew J. Murphy, III, J.), rendered April 12, 2011. The judgment revoked defendant's sentence of probation and imposed a sentence of imprisonment.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Niagara County Court for resentencing in accordance with the following Memorandum: Defendant appeals from a judgment revoking the sentence of probation previously imposed and convicting him of violating the terms and conditions of his probation. He was sentenced to a determinate term of incarceration of three years, to be followed by three years of postrelease supervision. We reject defendant's challenge to the severity of the sentence, but we conclude that the sentence imposed is illegal and cannot stand despite the failure of either defendant or the People to raise the issue in County Court or on appeal (*see People v Davis*, 37 AD3d 1179, 1180, *lv denied* 8 NY3d 983). Defendant pleaded guilty to attempted assault in the second degree, a class E felony and, although he was convicted of rape in the second degree in 2007, there is no indication in the record that he was adjudicated a second felony offender. Defendant therefore faced an indeterminate term of incarceration ranging from a minimum of 1 to 3 years to a maximum of 1a to 4 years (*see* Penal Law § 70.00 [2] [e]; [3] [b]). However, the court erroneously imposed a sentence of a determinate term of three years. The certificate of conviction correctly reflects that defendant was convicted of attempted assault in the second degree but it also reflects the illegal sentence. We therefore modify the judgment by vacating the sentence imposed, and we

remit the matter to County Court for resentencing.