■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ADRIAN J. SUTHERLAND, Respondent. [962 NYS2d 463]—

Peters, P.J. Appeal from an order of the County Court of Madison County (DiStefano, J.), entered June 21, 2011, which granted defendant's motion to dismiss the indictment.

Defendant was arrested in 2009 following an allegation that he sexually assaulted a female acquaintance in his dormitory room. He was twice indicted for crimes stemming from such conduct, however each of the indictments was dismissed for various reasons. After the second indictment was dismissed, the People re-presented the charge of rape in the third degree to another grand jury. When defendant appeared to testify, a colloquy ensued concerning his waiver of immunity during which the People indicated that he might be questioned about an unrelated pending criminal charge. After consultation with counsel, defendant ultimately elected not to testify. The grand jury returned an indictment charging him with rape in the third degree.

Some six weeks after his arraignment upon the indictment, defendant filed an omnibus motion seeking, among other things, inspection of the grand jury minutes and, if appropriate, reduction or dismissal of the indictment. County Court granted the motion and dismissed the indictment, finding that the integrity

of the grand jury proceedings had been impaired (*see* CPL 210.35 [5]) because defendant had been denied his right to testify as provided by CPL 190.50 (5) and the People had improperly introduced the substance of certain text messages that defendant had sent to the victim without first establishing an adequate foundation. The People appeal.

We agree with the People that County Court erred in dismissing the indictment on the ground that defendant was deprived of his statutory right to testify before the grand jury. County Court ruled that the prosecutor's misstatement of law with respect to the questioning of defendant about the unrelated pending charge for purposes of impeaching his credibility caused defendant to withdraw his request to testify before the grand jury, thereby effectively depriving him of his right to testify under CPL 190.50 (5).[1] Any alleged violation of that right, however, must be raised by a motion to dismiss the indictment, pursuant to either CPL 170.50 or 210.20, no later than five days after arraignment on the indictment or such challenge will be deemed waived (*see* CPL 190.50 [5] [c]; *People v Caban*, 89 AD3d 1321, 1322 [2011]; *People v Rolle*, 72 AD3d 1393, 1395 [2010], *lv denied* 16 NY3d 745 [2011]).[2]

A motion to dismiss an indictment pursuant to CPL 210.20 may be made on the ground that "[t]he grand jury proceeding was defective, within the meaning of section 210.35" (CPL 210.20 [1] [c]). As relevant here, a grand jury proceeding is considered defective where "[t]he defendant is not accorded an opportunity to appear and testify before the grand jury in accordance with the provisions of [CPL] 190.50" (CPL 210.35 [4]) or where "[t]he proceeding otherwise fails to conform to the requirements of [CPL] article [190] to such degree that the integrity thereof is impaired and prejudice to the defendant may result" (CPL 210.35 [5]). Defendant argues that the time constraint of CPL 190.50 (5) (c) does not apply here because CPL 210.35 (5)—rather than CPL 210.35 (4)—was invoked as the ground for dismissal. We cannot agree.

The only right implicated by the conduct complained of is defendant's right to testify under CPL 190.50 (5) (a). Indeed, the Court of Appeals has found that a ruling that a defendant can be questioned regarding an unrelated pending charge

---

**1.** CPL 190.50 provides the statutory basis for a prospective defendant's right, upon proper notice, "to testify before the grand jury and to give any relevant and competent evidence concerning the case under consideration" (CPL 190.50 [5] [a], [b]).

**2.** As CPL 170.50 concerns motions to dismiss a prosecutor's information, it does not apply.

violates his or her statutory right to testify under CPL 190.50, explaining that "requiring a prospective defendant wishing to testify to forego the Fifth Amendment protection and suffer incrimination as to unrelated pending charges would place a high constitutional price on the right to testify before the [g]rand [j]ury" and "exert[ ] an undeniable chilling effect upon a real choice whether to testify in one's own behalf" (*People v Smith*, 87 NY2d 715, 720-721 [1996] [internal quotation marks and citation omitted]). Thus, defendant's only recourse with regard to the challenged conduct of the prosecutor was by motion made in accordance with the requirements of CPL 190.50 (5) (c), and the five-day time limitation imposed by that provision cannot be circumvented by framing the purported error as one impairing the integrity of the grand jury proceeding (*see People v Duran*, 266 AD2d 230, 231 [1999], *lv denied* 94 NY2d 822 [1999] [finding that a defendant's motion to dismiss an indictment pursuant to CPL 210.35 (5) on the ground that the integrity of the grand jury proceeding had been impaired was "properly viewed as one alleging a violation of his statutory right to appear before the (g)rand (j)ury within the meaning of CPL 190.50 (5) (c)" and, as such, was untimely as it was not made within five days of arraignment]; *see generally People v Fells*, 279 AD2d 706, 709 [2001], *lv denied* 96 NY2d 758 [2001] [noting that the purpose of the five-day limitation imposed by CPL 190.50 (5) (c) is "to avoid the problem of belated attacks on indictments based upon some infirmity with regard to a defendant being permitted to testify before that (g)rand (j)ury"]). Because defendant failed to make a motion on this ground within five days of arraignment, any such challenge was waived and County Court should not have dismissed the indictment on this basis.

Nor are we persuaded that the integrity of the grand jury proceeding was impaired due to the fact that the content of certain text messages between the victim and defendant was placed before the grand jury without a proper foundation. Dismissal of an indictment pursuant to CPL 210.35 (5) "is a drastic, exceptional remedy and 'should thus be limited to those instances where prosecutorial wrongdoing, fraudulent conduct or errors potentially prejudice the ultimate decision reached by the [g]rand [j]ury' " (*People v Moffitt*, 20 AD3d 687, 688 [2005], *lv denied* 5 NY3d 854 [2005], quoting *People v Huston*, 88 NY2d 400, 409 [1996]; *see People v Tatro*, 53 AD3d 781, 783 [2008], *lv denied* 11 NY3d 835 [2008]). "Even where inadmissible evidence is presented to a grand jury, such will be deemed fatal only when the remaining evidence is insufficient to sustain the indictment" (*People v Mujahid*, 45 AD3d 1184, 1185 [2007], *lv denied* 10 NY3d 814 [2008] [internal quotation marks and cita-

tion omitted]; *see People v Huston*, 88 NY2d at 409; *People v Kidwell*, 88 AD3d 1060, 1061 [2011]).

The victim testified before the grand jury and explained that she had contact with defendant via text message following the alleged assault. She recalled sending a text message asking "if it was just some hook-up," but could not recall whether she asked any other questions. The People then proceeded to ask a series of leading questions revealing the substance of three text messages purportedly sent by defendant, none of which the victim could recall receiving. While we agree that the People failed to establish the authenticity of the text messages and that their use of leading questions to place the content of the messages before the grand jury was improper (*see People v Givans*, 45 AD3d 1460, 1461-1462 [2007]; *compare People v Pierre*, 41 AD3d 289, 291-292 [2007], *lv denied* 9 NY3d 880 [2007]), the challenged conduct was brief and there was no overall pattern of misconduct which permeated the proceedings (*see People v Tatro*, 53 AD3d at 784; *People v Moffitt*, 20 AD3d at 688; *People v Alicea*, 276 AD2d 915, 916 [2000], *lv denied* 96 NY2d 780 [2001]; *compare People v Huston*, 88 NY2d at 410). Moreover, given the victim's detailed, firsthand account of defendant's assault upon her and the testimony of the sexual assault nurse examiner who examined her, there exists legally sufficient independent proof to support the indictment (*see People v Kidwell*, 88 AD3d at 1061; *People v Arbas*, 85 AD3d 1320, 1321 [2011], *lv denied* 17 NY3d 813 [2011]; *People v Mitchell*, 55 AD3d 1048, 1050 [2008], *lv denied* 12 NY3d 856 [2009]). Accordingly, we find no real possibility that the inadmissible evidence prejudiced the decision reached by the grand jury and, thus, the indictment was improperly dismissed on this basis as well.

Lahtinen, Stein and Spain, JJ., concur. Ordered that the order is reversed, on the law, motion denied and indictment reinstated.