■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOSHUA I. FARLEY, Respondent. [968 NYS2d 209]—

Peters, P.J. Appeal from an order of the County Court of Essex County (Meyer, J.), entered June 2, 2009, which granted defendant's motion to dismiss the indictments.

A grand jury returned three indictments charging defendant with various drug-related crimes stemming from three alleged sales of cocaine to a confidential informant. County Court granted defendant's motion to dismiss the indictments, finding that the integrity of the grand jury proceedings had been impaired (*see* CPL 210.35 [5]) due to the People's failure to adequately inquire into instances of potential grand juror bias and because the grand jury heard allegedly prejudicial evidence. The People appeal, and we reverse.

A grand jury proceeding that yields an indictment is defective when it "fails to conform to the requirements of [CPL article 190] to such degree that the integrity thereof is impaired and prejudice to the defendant may result" (CPL 210.35 [5]). "Dismissal of an indictment pursuant to CPL 210.35 (5) is a drastic, exceptional remedy and should thus be limited to those instances where prosecutorial wrongdoing, fraudulent conduct or errors potentially prejudice the ultimate decision reached by the [g]rand [j]ury" (*People v Sutherland*, 104 AD3d 1064, 1066 [2013] [internal quotation marks and citations omitted]; *see People v Tatro*, 53 AD3d 781, 783 [2008], *lv denied* 11 NY3d 835 [2008]; *People v Mujahid*, 45 AD3d 1184, 1185 [2007], *lv denied* 10 NY3d 814 [2008]). "The likelihood of prejudice turns on the particular facts of each case, including the weight and nature of the admissible proof adduced to support the indictment and the degree of inappropriate prosecutorial influence or bias" (*People v Huston*, 88 NY2d 400, 409 [1996]; *accord People v Moffitt*, 20 AD3d 687, 688 [2005], *lv denied* 5 NY3d 854 [2005]; *see People v Revette*, 48 AD3d 886, 887 [2008]).

Here, when the prosecutor inquired as to whether any of the grand jurors knew defendant, one of the jurors stated that she

knew defendant and his mother from growing up in the area where defendant lived. When asked whether that would affect her ability to be fair in this case, the grand juror responded, "I don't think so. No." In response to further questioning by the prosecutor, the grand juror repeatedly and unequivocally indicated that her prior knowledge of defendant would not affect her judgment. Under the circumstances, we find that the prosecutor's voir dire of the grand juror was appropriate and sufficient to ensure such juror's impartiality (*see People v Shol*, 100 AD3d 1461, 1462 [2012], *lv denied* 20 NY3d 1103 [2013]; *People v Monserrate*, 24 Misc 3d 1229[A], 2009 NY Slip Op 51665[U], *5-6 [Sup Ct, Queens County 2009]; *see generally People v Chambers*, 97 NY2d 417 [2002]; *compare People v Revette*, 48 AD3d at 887).

Also in response to the prosecutor's inquiry, one of the grand jurors stated that he had arrested defendant at least once and that defendant had made threats to his family. The prosecutor immediately excused this juror and instructed the remaining grand jurors to disregard and ignore the comment and to base their deliberations solely on the evidence provided by the sworn witnesses. While County Court found the prosecutor's efforts in that regard to be inadequate, "the grand jury is presumed to have followed the prosecutor's curative instructions, dispelling any prejudice to . . . defendant" (*People v Walton*, 70 AD3d 871, 873 [2010], *lv denied* 14 NY3d 894 [2010]; *see People v Muniz*, 93 AD3d 871, 872 [2012], *lv denied* 19 NY3d 965 [2013]; *People v Sandven*, 287 AD2d 279, 280 [2001], *lv denied* 97 NY2d 733 [2002]). Furthermore, given the strength of the evidence supporting the indictments, the grand juror's comment lacked the potential to prejudice the grand jury's ultimate decision (*see People v Sutherland*, 104 AD3d at 1067; *People v Kidwell*, 88 AD3d 1060, 1061 [2011]; *People v Arbas*, 85 AD3d 1320, 1321 [2011], *lv denied* 17 NY3d 813 [2011]; *People v Spencer*, 289 AD2d 877, 879 [2001], *lv denied* 98 NY2d 655 [2002]). Accordingly, dismissal of the indictments was unwarranted.

Rose, Stein and Garry, JJ., concur. Ordered that the order is reversed, on the law, motion denied and indictments reinstated.