Egan Jr., J.
Appeal from an order of the County Court of St. Lawrence County (Richards, J.), entered December 20, 2012, which granted defendant’s motion to dismiss the indictment.
At all times relevant, defendant and Dylan Liebenow were the owners of a residence located in the Village of Gouverneur, St. Lawrence County. In or about April 2012, defendant— unbeknownst to Liebenow — entered into an installment land contract for the sale of the residence and, in conjunction therewith, accepted $10,840 from the purchasers. Upon discovering that defendant was not the sole owner of the property, the purchasers vacated the premises and demanded a return of their moneys. In the interim, defendant filed for chapter 7 bankruptcy but neglected to disclose, among other things, the existence of the underlying land contract on his schedule of personal property.
As a result of these events, defendant was indicted and charged with grand larceny in the third degree and offering a false instrument for filing in the first degree. Defendant thereafter moved to dismiss count 1 of the indictment (grand larceny) based upon, among other things, prosecutorial misconduct before the grand jury and, further, sought dismissal of count 2 of the indictment (offering a false instrument for filing) for lack of geographical jurisdiction. County Court granted defendant’s motion, prompting this appeal by the People.
The People conceded at oral argument that count 2 of the indictment was properly dismissed — albeit on grounds other than those found by County Court — and withdrew their challenge with respect thereto. Accordingly, our inquiry is now limited to whether the balance of the indictment (consisting of the grand larceny count) was properly dismissed as well.
“Dismissal of an indictment pursuant to CPL 210.35 (5) is a drastic, exceptional remedy and should thus be limited to those instances where prosecutorial wrongdoing, fraudulent conduct or errors potentially prejudice the ultimate decision reached by the [gjrand Q]ury” (People v Farley, 107 AD3d 1295, 1295 [2013] [internal quotation marks and citations omitted]; accord People *1151 v Sutherland, 104 AD3d 1064, 1066 [2013]; see People v Ramos, 48 AD3d 984, 985 [2008], lv denied 10 NY3d 938 [2008], cert denied 556 US 1110 [2009]). Contrary to County Court’s finding, the record as a whole does not reveal a “pervasive mishandling” of the manner in which this case was presented to the grand jury. To the extent that the prosecutor asked leading questions or elicited hearsay testimony from the various witnesses, we note that “not every improper comment, elicitation of inadmissible testimony, impermissible question or mere mistake renders an indictment defective. [Rather], the submission of some inadmissible evidence [typically] will be deemed fatal only when the remaining evidence is insufficient to sustain the indictment” (People v Huston, 88 NY2d 400, 409 [1996] [citation omitted]; accord People v Kidwell, 88 AD3d 1060, 1061 [2011]; People v Butcher, 11 AD3d 956, 958 [2004], lv denied 3 NY3d 755 [2004]; see People v Spratley, 103 AD3d 1211, 1212 [2013], lv denied 21 NY3d 1020 [2013]; People v Hunt, 18 AD3d 891, 893 [2005]). Inasmuch as we are satisfied — based upon our review of the grand jury minutes — that there otherwise is legally sufficient (and admissible) evidence to sustain count 1 of the indictment, the isolated instances of hearsay testimony, which were accompanied by appropriate limiting instructions, do not warrant dismissal thereof (see People v Arbas, 85 AD3d 1320, 1321 [2011], lv denied 17 NY3d 813 [2011]; People v Perry, 199 AD2d 889, 893 [1993], lv denied 83 NY2d 856 [1994]). We similarly are persuaded that the prosecutor’s limited use of leading questions did not impair the integrity of the grand jury proceeding (see People v Sutherland, 104 AD3d at 1067; People v Perry, 199 AD2d at 894; cf. People v Tatro, 53 AD3d 781, 784 [2008], lv denied 11 NY3d 835 [2008]). Accordingly, County Court erred in concluding that the indictment was subject to dismissal under CPL 210.35 (5).
Lahtinen, J.P, Stein and McCarthy, JJ., concur. Ordered that the order is modified, on the law, by reversing so much thereof as granted defendant’s motion to dismiss count 1 of the indictment; motion denied to that extent and said count reinstated; and, as so modified, affirmed.