[7 NYS3d 847]

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v TANYA A. DYKEMAN, Defendant.

County Court, Madison County, February 9, 2015

**APPEARANCES OF COUNSEL**

*William Kurtz* for defendant.

*William G. Gabor, District Attorney (Elizabeth S. Healy* of counsel), for plaintiff.

**OPINION OF THE COURT**

DENNIS K. McDERMOTT, J.

The defendant stands accused by indictment of aggravated driving while intoxicated, a class E felony, as well as misdemeanor counts of driving while intoxicated and endangering the welfare of a child. As part of the relief granted on the defendant's omnibus pretrial motions, the court has made an in camera inspection of the transcript of the grand jury presentation and, for the reasons that follow, must now dismiss the indictment.

Three witnesses testified to the grand jury: the defendant's mother who had called the 911 center to report that the defendant was driving a vehicle while under the influence of alcohol and with a child in the vehicle, and two members of the New York State Police. Following their testimony and instructions from the prosecutor, the grand jury commenced its deliberations. The record does not disclose how long the grand jury had been deliberating but at some point the grand jury came out of its deliberation to seek a clarification. Once that was addressed by the prosecutor, one of the grand jurors indicated that she believed she should recuse herself. Outside the presence of the other grand jurors, she stated, "[defendant] went to school with my daughter and there was something going on between them. Once I saw the [defendant's] mother, that's why I know that name."

The prosecutor allowed the recusal but did not elicit any further information from the grand juror about what, if anything, she might have said during deliberations concerning her opinion of the defendant or anything else that might have had some influence on the other grand jurors, nor did the prosecutor examine any of the other 22 grand jurors in that respect.

(*See e.g. People v Monserrate*, 24 Misc 3d 1229[A], 2009 NY Slip Op 51665[U] [Sup Ct, Queens County 2009].) The remaining grand jurors then resumed their deliberations and unanimously voted in favor of the indictment.

An indictment must be dismissed where the grand jury proceeding was defective in that it failed to conform to the requirements of Criminal Procedure Law article 190 to such a degree that the integrity of the proceeding was impaired and prejudice to the defendant may have resulted. (CPL 210.20 [1] [c]; 210.35 [5].) Dismissal of an indictment is a drastic and exceptional remedy, one that should be applied only sparingly and as a last resort. (*People v Thompson*, 22 NY3d 687 [2014].) To warrant a dismissal, it is not necessary that actual resulting prejudice be demonstrated. Rather, the mere potential for resulting prejudice is reason enough. (*People v Huston*, 88 NY2d 400, 409 [1996]; *People v Sayavong*, 83 NY2d 702 [1994].)

This is not a case where the issue of recusal was addressed and resolved before the grand jury began its deliberations. (*People v Farley*, 107 AD3d 1295 [3d Dept 2013], *lv denied* 21 NY3d 1073 [2013]; *People v Revette*, 48 AD3d 886 [3d Dept 2008].) Here, the grand juror in question, having recognized the defendant's mother when she testified and then realizing who the defendant was, remained behind closed doors with the other grand jurors for an unknown period of time during deliberations. In the absence of a record of further inquiry by the prosecutor, the court is left to speculate as to the nature of the relationship between the defendant and the grand juror. There is simply no way to know whether this was a nominal and relatively inconsequential relationship (*see e.g. People v Briggs*, 50 Misc 2d 1062 [1966]) or one involving significant animosity. While there is no reason to presume that the grand juror did anything improper and attempted to turn her fellow grand jurors against the defendant, there is nothing in the record to assure the court that she did not. Thus, it cannot be said upon this record that there was not at least the *potential* for resulting prejudice to the defendant. (*Compare People v Wisdom*, 23 NY3d 970 [2014]; *People v Piznarski*, 113 AD3d 166 [3d Dept 2013], *lv denied* 23 NY3d 1041 [2014].)

Accordingly, and on motion of the defendant, it is ordered, that the indictment herein be, and the same hereby is, dismissed but with leave to the People to re-present the case to another grand jury.