# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

900

KA 11-00411

PRESENT: SCUDDER, P.J., SMITH, CENTRA, PERADOTTO, AND CARNI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

CARDELL RICHARDSON, ALSO KNOWN AS "C,"
DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Patricia D. Marks, J.), rendered January 14, 2011. The judgment convicted defendant, upon a nonjury verdict, of assault in the second degree, attempted criminal possession of a weapon in the third degree and pedestrian on roadway.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reversing that part convicting defendant of assault in the second degree and dismissing count four of the indictment and as modified the judgment is affirmed.

Memorandum: On appeal from a judgment convicting him following a nonjury trial of, inter alia, assault in the second degree (Penal Law § 120.05 [3]) and attempted criminal possession of a weapon in the third degree (§§ 110.00, 265.02 [1]), defendant contends that the evidence is legally insufficient to support the assault conviction. We agree. A person is guilty of assault in the second degree under Penal Law § 120.05 (3) when, "[w]ith intent to prevent . . . a police officer . . . from performing a lawful duty . . . , he or she causes physical injury to such . . . police officer" (*id.*). Here, a police officer stopped defendant for walking in the middle of a roadway in violation of Vehicle and Traffic Law § 1156 (a), and the suppression court found that the search of defendant's person by another officer was not lawful (*see People v Adams*, 32 NY2d 451, 455; *People v Marsh*, 20 NY2d 98, 101; *cf. People v Troiano*, 35 NY2d 476, 477-478). We have previously held that even the more limited pat-down search of a traffic offender "is not authorized 'unless, when the [person or] vehicle is stopped, there are reasonable grounds for suspecting that the officer is in danger or there is probable cause for believing that the offender is guilty of a crime rather than merely a simple traffic infraction' " (*People v Everett*, 82 AD3d 1666, 1666, quoting *Marsh*, 20

NY2d at 101).  Here, as in *Everett*, the search of defendant was unauthorized, and the officer was injured only after he attempted to perform the unlawful search (*see id.*).  Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), we thus conclude that the evidence is legally insufficient to establish that the officer was injured while undertaking a lawful duty (*see Everett*, 82 AD3d at 1667; *see generally People v Bleakley*, 69 NY2d 490, 495).  We therefore modify the judgment by reversing that part convicting defendant of assault in the second degree and dismissing count four of the indictment.

In light of our conclusion, we do not reach defendant's contention that County Court should have dismissed the assault count under the theory of law of the case.

We reject defendant's contention that the evidence is legally insufficient to support the conviction of attempted criminal possession of a weapon in the third degree.  During a struggle with police officers after the unlawful search, defendant grabbed and held onto an officer's service weapon, which was secured in her holster.  The testimony of the officers concerning defendant's attempts to grab that officer's weapon and remove it from the holster is sufficient to establish that defendant intended to possess the weapon and "engage[d] in conduct which tend[ed] to effect the commission of [the] crime" of criminal possession of a weapon in the third degree (Penal Law § 110.00).  Contrary to defendant's contention, the People were not required to establish the operability of the officer's service weapon because the operability of a weapon is not a necessary element of the crime of attempted criminal possession of a weapon in the third degree (*see People v Saunders*, 85 NY2d 339, 342-343).  Furthermore, viewing the evidence in light of the elements of that crime as well as the traffic infraction in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict on those two counts is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Contrary to defendant's further contention, the grand jury proceeding was not defective, and the court thus did not err in refusing to dismiss the indictment on that ground (*see* CPL 210.20 [1] [c]).  One of the grand jurors indicated that he knew the officer who had been injured in the assault.  At that point, the prosecutor engaged the grand juror in the requisite "further inquiry" outside the presence of the other grand jurors (*People v Cullen*, 175 AD2d 658, 659, *lv denied* 78 NY2d 1010).  That inquiry revealed that the relationship between the grand juror and the officer, who saw each other at social outings one to two times a year, "was a nominal and relatively inconsequential relationship" (*People v Dykeman*, 47 Misc 3d 689, 691), i.e., the grand juror and the officer did not have a " 'close relationship' " that would " 'raise[] the real risk of potential prejudice' " (*People v Connolly*, 63 AD3d 1703, 1705).  Moreover, the grand juror specifically affirmed that he would be able to remain fair and impartial (*cf. People v Revette*, 48 AD3d 886, 888).  We thus conclude that "the prosecutor's voir dire of the grand juror was appropriate and sufficient to ensure such juror's impartiality"

(*People v Farley*, 107 AD3d 1295, 1296, *lv denied* 21 NY3d 1073).

Finally, we conclude that the sentence imposed on the remaining counts of the indictment is not unduly harsh or severe.

Entered: October 2, 2015

Frances E. Cafarell
Clerk of the Court