# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**982**

**KA 13-01619**

PRESENT: WHALEN, P.J., PERADOTTO, NEMOYER, CURRAN, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

ANTHONY FORD, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered September 6, 2013. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, those parts of the motion seeking to suppress physical evidence and statements are granted, the indictment is dismissed, and the matter is remitted to Supreme Court, Onondaga County, for proceedings pursuant to CPL 470.45.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of two counts of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1], [12]). The charges arose from the seizure by police officers of a quantity of cocaine from defendant following the stop of the vehicle in which he was a passenger. Defendant moved, inter alia, to suppress the cocaine and statements he made to the police as the fruit of illegal police conduct. The evidence at the suppression hearing established that, after the stop, a police officer directed defendant to exit the vehicle. When defendant asked why he was being directed out of the vehicle, the officer physically removed him from the vehicle, placed him face down on the ground, handcuffed him and patted him down, which resulted in the seizure of three bags of crack cocaine from defendant's pants pocket and defendant's statement that he possessed the drugs.

Defendant contends that Supreme Court erred in denying his motion to suppress the cocaine. At the outset, we note that "[d]efendant failed to preserve for our review his contention that the conduct of the police following the stop . . . constituted a de facto arrest for

which the police did not have probable cause" (*People v Andrews*, 57 AD3d 1428, 1429, *lv denied* 12 NY3d 850; *see People v Cash J.Y.*, 60 AD3d 1487, 1489, *lv denied* 12 NY3d 913).  We see no reason to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [3] [c]), inasmuch as we find merit in defendant's alternative, preserved contention that the patdown was unlawful.

We also note that defendant does not dispute that the vehicle was lawfully stopped based upon a police officer's observation of a Vehicle and Traffic Law violation (*see People v Robinson*, 97 NY2d 341, 349; *People v Grimes*, 133 AD3d 1201, 1202), or that the officers were thereafter entitled to direct defendant to exit the vehicle "as a precautionary measure and without particularized suspicion" (*People v Garcia*, 20 NY3d 317, 321; *see People v Robinson*, 74 NY2d 773, 775, *cert denied* 493 US 966).  Defendant contends, however, that the patdown was not justified inasmuch as the police officers lacked the requisite reasonable basis to suspect that he was concealing a weapon or that they were otherwise in danger (*see generally People v Goodson*, 85 AD3d 1569, 1570, *lv denied* 17 NY3d 953; *People v Everett*, 82 AD3d 1666, 1666).  We agree.

Based upon the evidence at the suppression hearing, we conclude that "the officers did not have any 'knowledge of some fact or circumstance that support[ed] a reasonable suspicion that the [defendant was] armed or pose[d] a threat to [their] safety' " (*Everett*, 82 AD3d at 1666, quoting *People v Batista*, 88 NY2d 650, 654).  Defendant's evident nervousness as the officers approached the vehicle was not an indication of criminality or a threat to officer safety (*see Garcia*, 20 NY3d at 324; *People v Hightower*, 136 AD3d 1396, 1397).  Nor was the patdown justified by the fact that the vehicle was in a high crime area (*see People v Carr*, 103 AD3d 1194, 1195; *People v Riddick*, 70 AD3d 1421, 1423, *lv denied* 14 NY3d 844), particularly when the stop occurred on a busy street during rush hour (*see People v Savage*, 137 AD3d 1637, 1639).  Moreover, "there was no suggestion that a weapon was present or that violence was imminent" (*People v Butler*, 127 AD3d 623, 624).  Finally, neither defendant's initial refusal to exit the vehicle nor his demand for an explanation why he was being asked to exit the vehicle gave rise to a reasonable suspicion that he posed a threat to the officers' safety (*see People v Driscoll*, 101 AD3d 1466, 1467-1468).

Inasmuch as the patdown was unlawful, the cocaine seized by the police and defendant's statements should have been suppressed.  We therefore reverse the judgment, vacate the plea, grant that part of defendant's motion seeking suppression of physical evidence and statements, dismiss the indictment and remit the matter to Supreme Court for proceedings pursuant to CPL 470.45.

Entered:  December 23, 2016                    Frances E. Cafarell
                                              Clerk of the Court