People v Henriquez (2019 NY Slip Op 04503)





People v Henriquez


2019 NY Slip Op 04503


Decided on June 6, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 6, 2019

110474

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Appellant,
v
YOHANI HENRIQUEZ, Also Known as YOVANI HENRIQUEZ, Respondent.

Calendar Date: May 2, 2019

Before: Garry, P.J., Mulvey, Aarons, Rumsey and Pritzker, JJ.


Andrew J. Wylie, District Attorney, Plattsburgh (Jeffrey C. Kehm of counsel), for appellant.
Yohani Henriquez, Attica, respondent pro se.



MEMORANDUM AND ORDER
Aarons, J.
Appeal from an order of the County Court of Clinton County (Lawliss, J.), entered May 24, 2017, which granted defendant's motion to dismiss the indictment.
Defendant, an inmate at Clinton Correctional Facility, was charged by indictment with criminal possession of a controlled substance in the fifth degree, criminal possession of a controlled substance in the seventh degree and promoting prison contraband in the first degree (two counts). In his omnibus motion, defendant, among other things, moved to dismiss the indictment. After reviewing the grand jury minutes, County Court granted the motion and dismissed the indictment under CPL 210.35 (5) on the basis that the integrity of the grand jury proceeding had been impaired due to the People's inadequate inquiry as to the potential bias by a grand juror. The People appeal.
"Dismissal of an indictment pursuant to CPL 210.35 (5) is a drastic, exceptional remedy and should thus be limited to those instances where prosecutorial wrongdoing, fraudulent conduct or errors potentially prejudice the ultimate decision reached by the grand jury" (People v Sutherland, 104 AD3d 1064, 1066 [2013] [internal quotation marks, brackets and citations omitted]; see People v Spencer, 289 AD2d 877, 878 [2001], lv denied 98 NY2d 655 [2002]). "The likelihood of prejudice turns on the particular facts of each case, including the weight and nature of the admissible proof adduced to support the indictment and the degree of inappropriate prosecutorial influence or bias" (People v Huston, 88 NY2d 400, 409 [1996]). Prejudice may arise based upon a close relationship between a grand juror and a witness (see People v Wilkinson, 166 AD3d 1396, 1397 [2018], lv denied 32 NY3d 1179 [2019]).
The record discloses that one of the grand jurors knew one of the testifying witnesses. The grand juror, who used to be a teacher and had been retired for 10 years, stated that the witness was a former student and that he had not seen the witness since the student left his class. [*2]The grand juror was then asked whether there was anything else that would affect his ability to be fair and impartial, to which he responded, "No." In our view, the relationship between the grand juror and the witness was not a close relationship so as to give rise to the possibility of prejudice (see People v Richardson, 132 AD3d 1239, 1241 [2015]). Furthermore, although the prosecutor's voir dire of the grand juror was brief, we are satisfied that, based upon his unequivocal response thereto, the grand juror's impartiality was not compromised (see People v Wilkinson, 166 AD3d at 1398; People v Malloy, 166 AD3d 1302, 1303-1304 [2018], lv granted 32 NY3d 1180 [2019]; People v Farley, 107 AD3d 1295, 1296 [2013], lv denied 21 NY3d 1073 [2013]). We also note that the grand jurors unanimously voted to indict defendant and, therefore, it is speculative to conclude that the grand juror at issue might have influenced the other grand jurors (see People v Wilkinson, 166 AD3d at 1398). Additionally, our review of the grand jury minutes reveals that legally sufficient evidence was presented to the grand jury (see People v Arbas, 85 AD3d 1320, 1321 [2011], lv denied 17 NY3d 813 [2011]). Accordingly, we find that the exceptional and drastic remedy of dismissal of the indictment was not warranted under the circumstances of this case, and County Court erred in granting defendant's motion.[FN1]
Garry, P.J., Mulvey, Rumsey and Pritzker, JJ., concur.
ORDERED that the order is reversed, on the law, motion denied, and indictment reinstated.



Footnotes

Footnote 1: To the extent that defendant contends that he was deprived of his right to testify before the grand jury, such contention is waived given that defendant did not seek such relief in a timely fashion (see CPL 190.50 [5] [c]; People v Cherry, 149 AD3d 1346, 1346 [2017], lv denied 29 NY3d 1124 [2017]).