People v Santy (2021 NY Slip Op 05439)





People v Santy


2021 NY Slip Op 05439


Decided on October 8, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 8, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, NEMOYER, AND CURRAN, JJ.


857 KA 20-00318

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ROBERT SANTY, JR., DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (TYLER B. BUGDEN OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JESSICA N. CARBONE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered January 15, 2019. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, that part of the omnibus motion seeking to suppress physical evidence is granted, the indictment is dismissed, and the matter is remitted to Onondaga County Court for proceedings pursuant to CPL 470.45.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [12]). On appeal, defendant contends that County Court should have suppressed the physical evidence, i.e., the crack cocaine, that the police found in his pants as a result of a pat frisk during a traffic stop. We agree.
Insofar as relevant here, a pat down search of a traffic offender is not authorized unless, when the vehicle is stopped, there is reasonable suspicion that the defendant is armed or poses a threat to the officer's safety (see People v Batista, 88 NY2d 650, 654 [1996]; People v Marsh, 20 NY2d 98, 101 [1967]; People v Everett, 82 AD3d 1666, 1666 [4th Dept 2011]). The requisite reasonable suspicion is simply lacking here; defendant made no evasive moves, he was not aggressive with the officer, he did not reach into his clothing or into dark hiding spots in the car, there were no telltale bulges in his clothes, he made no statements about weapons or other dangerous items, and the officer had no prior knowledge of any defendant-specific concerns (see e.g. People v Roberts, 158 AD3d 1141, 1143 [4th Dept 2018]; People v Burnett, 126 AD3d 1491, 1493-1494 [4th Dept 2015]; People v Mobley, 120 AD3d 916, 918 [4th Dept 2014]; cf. People v Muhammed, 196 AD3d 1151, 1153 [4th Dept 2021]; People v Fagan, 98 AD3d 1270, 1271 [4th Dept 2012], lv denied 20 NY3d 1061 [2013], cert denied 571 US 907 [2013]). Contrary to the motion court's view, "non-compliant and erratic behavior" does not automatically give rise to reasonable suspicion of a threat to officer safety (see e.g. People v Ford, 145 AD3d 1454, 1455-1456 [4th Dept 2016], lv denied 29 NY3d 997 [2017]). Although defendant's flat affect and partial disrobement during the traffic stop was odd, nothing about his specific odd behavior during the episode gave rise to reasonable suspicion that he was armed or posed a threat to the officer's safety (see People v Solivan, 156 AD3d 1434, 1435 [4th Dept 2017]; People v Major, 115 AD3d 1, 6-7 [1st Dept 2014]). If anything, the officer's ability to peer unobstructed into defendant's open pants should have assuaged, rather than heightened, any concerns that defendant was concealing a weapon. The crack cocaine should therefore have been suppressed as the fruit of the unlawful frisk (see People v Brown, 166 AD3d 506, 507 [1st Dept 2018]; Ford, 145 AD3d at 1456).
Defendant's remaining contentions are academic in light of our determination.
Entered: October 8, 2021
Ann Dillon Flynn
Clerk of the Court