People v Simpson (2024 NY Slip Op 04887)

People v Simpson

2024 NY Slip Op 04887

Decided on October 4, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 4, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, DELCONTE, AND HANNAH, JJ.

674 KA 22-02018

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JACK K. SIMPSON, DEFENDANT-APPELLANT. 

CAMBARERI & BRENNECK, SYRACUSE (MELISSA K. SWARTZ OF COUNSEL), FOR DEFENDANT-APPELLANT.
JEFFERY G. TOMPKINS, DISTRICT ATTORNEY, LOWVILLE, D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Lewis County Court (David A. Renzi, A.J.), rendered August 4, 2022. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree and driving while ability impaired by drugs. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sentence imposed on count 1 of the indictment and as modified the judgment is affirmed, and the matter is remitted to Lewis County Court for resentencing on that count.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [7]) and driving while ability impaired by drugs as a misdemeanor (Vehicle and Traffic Law §§ 1192 [4]; 1193 [1] [b] [i]). Defendant contends that County Court erred in denying that part of his omnibus motion seeking to dismiss the indictment on the ground that the grand jury proceeding was defective pursuant to CPL 210.35 (5). Defendant contends in particular that the integrity of the grand jury proceeding was impaired and he was potentially prejudiced because a grand juror worked at the jail where defendant was being held and was employed by the same county sheriff's office as the deputy who had arrested defendant, and the prosecutor failed to conduct a sufficient inquiry to ensure that the grand juror could be fair and impartial. Although defendant's contention survives his guilty plea (see People v Washington, 82 AD3d 1675, 1676 [4th Dept 2011]; see generally People v Hansen, 95 NY2d 227, 231 [2000]), we conclude that it lacks merit.
A court may dismiss an indictment upon motion by a defendant if the grand jury proceeding was defective (see CPL 210.20 [1] [c]). A grand jury proceeding is defective when, inter alia, the proceeding "fails to conform to the requirements of [CPL article 190] to such degree that the integrity thereof is impaired and prejudice to the defendant may result" (CPL 210.35 [5]; see People v Huston, 88 NY2d 400, 409 [1996]). Although a "defendant need not demonstrate actual prejudice under this statutory scheme to prevail" (People v Sayavong, 83 NY2d 702, 709 [1994]), dismissal of an indictment under CPL 210.35 (5) is an "exceptional remedy" that "should . . . be limited to those instances where prosecutorial wrongdoing, fraudulent conduct or errors potentially prejudice the ultimate decision reached by the [g]rand [j]ury" (Huston, 88 NY2d at 409). " '[T]he statutory test, which does not turn on mere flaw, error or skewing[,] . . . is very precise and very high' " (People v Thompson, 22 NY3d 687, 699 [2014], rearg denied 23 NY3d 948 [2014], quoting People v Darby, 75 NY2d 449, 455 [1990]).
Here, the record establishes that a grand juror disclosed to the prosecutor at the outset of the grand jury proceeding, outside the presence of the grand jury, that they worked for the county [*2]sheriff's office at the jail where defendant was being held. Contrary to defendant's contention, we conclude that the prosecutor thereafter "engaged the grand juror in the requisite 'further inquiry' outside the presence of the other grand jurors" (People v Richardson, 132 AD3d 1239, 1241 [4th Dept 2015]). That inquiry revealed that the grand juror and defendant had not discussed the case and that the grand juror had not heard defendant discussing the case with anyone else. The prosecutor also inquired whether the grand juror could fairly and impartially consider the evidence against defendant and, after the grand juror initially responded that they "believe[d]" they could do so, the prosecutor sought and received from the grand juror confirmation that they could be fair and impartial. Thus, any doubt as to the grand juror's impartiality based on their familiarity with defendant "was dispelled by the unequivocal response to the prosecutor's immediate follow-up question, as well as the statements that the [grand juror] had never discussed [with defendant nor heard him discuss] this case" (People v Wilkinson, 166 AD3d 1396, 1398 [3d Dept 2018], lv denied 32 NY3d 1179 [2019]; see Richardson, 132 AD3d at 1241; People v Farley, 107 AD3d 1295, 1295-1296 [3d Dept 2013], lv denied 21 NY3d 1073 [2013]).
Contrary to defendant's related contention, even if the precise nature of any relationship between the grand juror and the deputy should have been further explored by the prosecutor, we conclude that the exceptional remedy of dismissal is not warranted under the particular facts of this case (see People v Malloy, 166 AD3d 1302, 1304 [3d Dept 2018], affd 33 NY3d 1078 [2019]; see generally Huston, 88 NY2d at 409). Inasmuch as the grand juror specifically disclosed that they worked on the correctional staff in the jail where defendant was an inmate, which the record established was different than the deputy's patrol position, the grand juror's representation did not suggest any "close relationship [with the deputy] that would raise[ ] the real risk of potential prejudice" (Richardson, 132 AD3d at 1241 [internal quotation marks omitted]; see People v Henriquez, 173 AD3d 1268, 1268-1269 [3d Dept 2019]; cf. People v Connolly, 63 AD3d 1703, 1704-1705 [4th Dept 2009]; People v Revette, 48 AD3d 886, 886-888 [3d Dept 2008]). Moreover, even if the grand juror was familiar with the deputy as a member of the same law enforcement agency, the record here establishes that the grand juror unequivocally responded to the prosecutor's repeated inquiries by specifically affirming that they could fairly and impartially consider the evidence against defendant (see Henriquez, 173 AD3d at 1269; Richardson, 132 AD3d at 1241; Farley, 107 AD3d at 1296). Consequently, " 'the prosecutor's voir dire of the grand juror was appropriate and sufficient to ensure such juror's impartiality' " (Richardson, 132 AD3d at 1241).
Based on the foregoing, we conclude that the court did not err in denying that part of defendant's omnibus motion seeking to dismiss the indictment on the ground that the grand jury proceeding was defective pursuant to CPL 210.35 (5) inasmuch as the record establishes that there is "no articulable likelihood of or . . . potential for prejudice stemming from the grand juror['s] prior knowledge of [defendant]" or possible familiarity with the deputy employed by the same law enforcement agency (Malloy, 166 AD3d at 1304 [internal quotation marks omitted]).
Next, we note that defendant's cursory challenge to the severity of the sentence is raised for the first time in his reply brief and is thus not properly before us (see People v Ford, 69 NY2d 775, 777 [1987], rearg denied 69 NY2d 985 [1987]; People v Bailey, 195 AD3d 1486, 1488 [4th Dept 2021], lv denied 37 NY3d 990 [2021]). We further conclude, however, that the sentence imposed on the count of criminal possession of a controlled substance in the third degree is illegal and cannot stand despite the failure of either defendant or the People to raise the issue before the sentencing court or on appeal (see People v Meden, 96 AD3d 1494, 1495 [4th Dept 2012]). Inasmuch as defendant admitted to the allegation in the CPL 400.21 statement that he was previously convicted of the class B violent felony offense of assault in the first degree (Penal Law § 120.10 [1]; see § 70.02 [1] [a]) and he stood convicted of the class B felony of criminal possession of a controlled substance in the third degree (§ 220.16 [7]), the court should have sentenced defendant as a second felony drug offender previously convicted of a violent felony (see Penal Law § 70.70 [1] [a], [b], [c]; People v Cruz-Ocasio, 208 AD3d 1059, 1060 [4th Dept 2022]; see generally People v Yusuf, 19 NY3d 314, 318-319 [2012]). The court was thus required to include as part of the sentence a period of postrelease supervision of not less than 1½ or more than 3 years (see §§ 70.45 [2] [d]; 70.70 [4] [b]), and therefore the period of 1 year of postrelease supervision imposed by the court is illegal (see People v Donaldson, 117 AD3d 1467, 1468 [4th Dept 2014], lv denied 23 NY3d 1036 [2014]; People v Allen, 57 AD3d 1383, 1384 [4th Dept 2008]). We therefore modify the judgment by vacating the sentence on count 1 of the [*3]indictment charging defendant with criminal possession of a controlled substance in the third degree, and
we remit the matter to County Court for resentencing on that count (see Allen, 57 AD3d at 1384).
Entered: October 4, 2024
Ann Dillon Flynn
Clerk of the Court